Ruffin, C. J.
If the case against Siler depended upon his own acknowledgment only, there might be some hesitation in saying, whether it was or was not sufficiently explicit, as to his legal liability for the debt, to repel the statute. The language is very strong, as to the justice of the debt, and that it ought {then) to be paid. It is time, he added, that it ought to be paid by Robinson, and that, “ he did not think” that he ought to pay ; which was, certainly, no distinct refusal, any more than no distinct promise to pay the debt; but rather the expression of an opinion, that Robinson ought to pay it, because, between themselves, it had been agreed that Robinson should do so. But upon a point of such consequence, the court is not disposed to decide the case, if there can be any doubt on it, when there is another point, on which the decision must be for the plaintiff.
It was settled to be the law of this State, in the case of McIntyre v. Oliver, 2 Hawks, 209, that an act or acknowledgment of one partner, after the dissolution of the partnership, which prevents the operation of the statute of limitations as to that partner, will also prevent its operation as to the other partners. That case only followed the doctrine of the English Courts in Whitcomb v. Whitney, Doug. 652; and it has been recognised as law in many subsequent cases in this State, as well as by the courts of other-States. Willis v. Hill, 2 Dev. & Bat. 231. Nothing is plainer than that ma- ¡ king a payment on a note repels the statute. It is assuming the balance anew. That was substantially done, in his recognition of the payment made by the witness, expressly with the view of preventing the operation of an act of limitation. He went farther, by saying, after the note and the whole transaction in Charleston had been mentioned to him, “that all was right.” Surely that is plenary evidence, from which the jury might infer that the speaker meant to acknowledge not only that he gave the note, but that it was still a just debt, and that he was obliged and willing to pay it. Indeed, it was so felt and admitted to be on this trial; for the verdict was not in favor of Robinson’s administrators, on the plea of the *344 statute of limitations, but against them. Now, according to McIntyre v. Oliver, and Whitcomb v. Whitney, if the case be taken out of the statute as to one of the joint makers of the note by his acknowledgment, it is so as to the other; and, consequently, the verdict being, by Robinson’s acts and declarations, rightly rendered against him, it ought legally to be rendered against the other joint maker and partner. Upon the evidence given, the verdict is legally inconsistent. Upon this ground, we think, there was error in the instructions to the jury; and therefore that the judgment must be reversed, and a venire de novo awarded.
Per Curiam, Judgment accordingly.