STATE v. JOHN W. WOOLARD.

*Practice in Criminal Cases—Instructions—Statutes—
Title—Repeal and Amendment of Statute.*

1. When justified by the evidence, a trial judge may charge the jury that, if they believe the testimony of a defendant who testifies in his own behalf, they should find him guilty.

2. Chapter 83, Laws of 1893, entitled "An Act to amend Chapter 504, Laws of 1889," (which Act of 1889 placed the trial of the offence of abandonment under the jurisdiction of a justice of the peace) is not defeated in its purpose of repealing the Act of 1889 by an ambiguity arising in the body of the Act in the failure to specify "laws of 1889."

3. The title of an Act, is a legislative declaration of the tenor and object of the Act and when the meaning or subject matter of a statute is at all doubtful the title should be considered.

4. An Act of the Legislature subsequent to and in amendment of a former Act of the same session and correcting an ambiguity therein, is not invalidated by the fact that the date of ratification of the amended Act is erroneously stated, provided it sufficiently appears, beyond cavil, what prior Act is referred to.

INDICTMENT for abandonment tried, before *Graham, J.,* and a Jury at May Term, 1896, of Beaufort Superior Court. On the trial the defendant testified in his own behalf, and his Honor charged the jury that, if they believed the testimony of the defendant, they should return a verdict of guilty, but that they were the judges of the facts and they alone could pass upon the evidence. The defendant was convicted and appealed, assigning as error the charge of his Honor. In this Court the appellant made other contentions, which are referred to in the opinion of Associate Justice CLARK.

*Attorney General*, *Mr. B. B. Nicholson* and *Mr. Charles F. Warren*, for the State.

*Mr. W. B. Rodman*, for defendant (appellant).

CLARK, J.: The charge to the jury that if they believed the defendant's testimony to find him guilty was fully justified by the evidence, and it was competent for the judge in such case to so instruct the jury. *State* v. *Riley*, 113 N. C., 648.

The chief reliance of the appellant, however, is that the Act of 1889, Chapter 504, which placed the jurisdiction of the offence of abandonment in a justice of the peace, is not repealed by Chapter 83, Laws 1893, because the body of the latter act only amends " Chapter 504," omitting the words, " Laws of 1889," but in the title of said Chapter 83, Laws 1893, it is described as " An Act to amend Chapter 504, Laws 1889." This makes the meaning and purport of said Chapter 83, Laws 1893, entirely clear. It is true that at common law the title of an act was little considered. The reason of this was because in England the title was no part of an act but was prefixed by the clerk of that House in which the bill originated. The titles were styled Rubrics because written in red ink. Indeed, prior to the eleventh year of Henry VII. (1495) titles were very rarely prefixed at all. But now the title is part of the bill when introduced, being placed there by its author, and probably attracts more attention than any other part of the proposed law, and if it passes into law the title thereof is consequently a legislative declaration of the tenor and object of the Act. Indeed, so far is this true, and so important has the title become, that in many State Constitutions there are now provisions to guard against the title of bills being misleading. *Ratione cessante, cessat ipsa lex.* Consequently, when the meaning of

an act is at all doubtful all the authorities now concur that the title should be considered.   Sedg. Stat. Law, 50 ; Potter's Dwarris on Stat., 101,  105 ;  Cooley Cons. (6th Ed.), 169 ; Sutherland Stat. Cons. Sec., 210 ; Endlich Stat., Sec. 58 : *Wilson* v. *Spalding*, 19 Fed. Rep., 304.

If there was nothing more before us than Chapter 83, Laws 1893, still it would be clear, taking into consideration the title in connection with the body of the Act, that the Chapter 504 amended was 'Chapter 504, Laws 1889, and therefore that jurisdiction of the offense of abandonment was restored to the superior court as it stood under *The* *Code*, Section 970.   Had there been the least doubt on this point, however, it was removed by the supplementary act at the same session, Chapter 481, Laws 1893, which expresses in the body of it that the prior act of the same session, " To amend Chapter 504, Laws 1889," should be amended by inserting the words " Laws 1889 " in the body of the Act after the words, " Chapter 504."   It is true the said Chapter 481, in referring to Chapter 83 (as it was afterwards numbered) mentions it as " ratified 14th February 1893," when in fact it was ratified 11th February, 1893.   We do not know whether the discrepancy between 11th February and 14th February was a clerical error in copying or a typographical error in printing, or an inadvertence in drawing the supplementary act or bill, but sufficient appears to make it clear beyond cavil what prior act is referred to.   The Court will not " distinguish and divide a hair betwixt South and South West side."   A stronger case than ours in favor of following the clear legislative intent is *Wilson* v. *Spalding*, *ante ; Cram* v. *Cram*, 116 N. C., 288, relied on by appellant, in nowise conflicts with what is above

stated since that case merely holds that the heading of a section prepared by the compilers of *The Code* will not " affect the construction of the language of the section, when its meaning is perfectly obvious."

No Error.