## CHAMPION SHOE MACHINERY CO. v. G. B. SELLERS.

(Filed 10 April, 1929.)

1. **Statutes B a—General rules for construction of statutes—Legislative Intent.**

    A statute will be interpreted in accordance with the meaning and intent of the Legislature as gathered from its terms, and where a technical interpretation will destroy the manifest spirit, the latter will prevail.

2. **Same—Title to Acts.**

    Where the meaning of a statute is at all in doubt, reference may be had to the title and context as legislative declarations of its purpose.

3. **Warehousemen A a—Statutory warehouseman's lien applies only to those operating warehouse for compensation.**

    Under the provisions of C. S., 2459, construed in *para materia* with sections 8107, 2459, 2460, 4925(a), *et seq.*, 5118, the persons, firms or corporations entitled to the possession and lien on property stored in warehouses applies to such as operate warehouses as a business for compensation, and not to an isolated instance in which goods or chattels are left in a store or building of the claimant.

APPEAL by defendant from *Sinclair, J.,* at December Term, 1928, of ROBESON. No error.

On 6 November, 1925, the plaintiff entered into a written agreement with B. F. Gleaves, of Maxton, by the terms of which the plaintiff for value delivered to Gleaves one Champion F-89 Finisher and one Peerless Stitcher No. 16121, and retained title as security for payment of the purchase price. The agreement was duly registered on 5 December, 1925. Gleaves put the machines in a building which he had rented from the defendant as a shoe shop and a store, and went out of business 1 January, 1927. He left the machines in the defendant's building. The defendant thereafter wrote the plaintiff two letters, in

one of which he said he must have a reasonable rent for the space occupied by the machines, and in the other that he was entitled to storage. There was testimony that the defendant told a representative of the plaintiff that he had to have storage.

The plaintiff brought suit for possession of the machines and these issues were submitted to the jury:

1. Is the plaintiff the owner and entitled to the possession of the machinery described in the complaint?

2. Has the defendant a lien upon the property described in the complaint?

3. In what sum, if any, is the plaintiff indebted to the defendant for storage on the machinery referred to in the pleadings?

The judge instructed the jury, if they believed the record evidence and found the facts to be as testified to by all the witnesses, to answer all the issues in favor of the plaintiff. The plaintiff recovered a judgment and the defendant excepted and appealed.

*J. E. Carpenter for plaintiff.*
*Johnson, Johnson & Floyd for defendant.*

ADAMS, J. In his brief the appellant admits that the only question for decision is whether an individual is entitled to a lien for the storage of personal property by virtue of C. S., 2459, under the facts above stated. The section is in these words: "Every person, firm or corporation who furnishes storage room for furniture, tobacco, goods, wares or merchandise and makes a charge for storing the same, has the right to retain possession of and a lien upon all furniture, tobacco, goods, wares or merchandise until such storage charges are paid."

The appellant's position cannot be maintained unless the statute is given a strictly literal interpretation and its spirit and purpose are disregarded. It has been said that the letter of the law is its body; the spirit, its soul; and the construction of the former should never be so rigid and technical as to destroy the latter. *Kleybolte v. Timber Co.,* 151 N. C., 635, 638; *Kearney v. Vann,* 154 N. C., 311. According to the rule that the object of all interpretation and construction of statutes is to ascertain the meaning and intention of the Legislature, a statute should receive a strict or liberal construction as the one or the other will accomplish the legislative intent. Black's Int. of Laws, 35; *S. v. Barco,* 150 N. C., 792; *Abernethy v. Board,* 169 N. C., 631; *S. v. Earnhardt,* 170 N. C., 725. When the meaning of a statute is at all in doubt reference may be had to the title and the context as legislative declarations of the purpose of the act. *S. v. Woolard,* 119 N. C., 779. The title of the original act (Public Laws 1913, ch. 192, amended by

Public Laws 1915, ch. 190) does not refer in express terms to warehouses as places of storage; but all provisions, chapters, subdivisions, and sections contained in the Consolidated Statutes were enacted into a composite body of law on 10 March, 1919, and as such became effective on the first day of the following August. C. S., 8107. When they went into effect under the act of 1919 (ch. 238, sec. 8) sections 2459 and 2460 composed the whole of chapter 49, article 4, which was entitled by the General Assembly "Warehouse Storage Liens." This title is a legislative declaration of the tenor of the sections; they apply only when the enumerated articles are delivered to and accepted by a person, firm, or corporation engaged in the business of storage and safe-keeping for compensation. Not only the title of the article but the wording of the sections is in support of this position. The phrase "every person, firm, or corporation who furnishes storage room" evidently does not contemplate a single act as in the case before us, but such continuous acts as occupy the time and attention of men for the purpose of profit. A warehouse system to aid in the marketing of leaf tobacco is authorized by section 5124 *et seq.,* and in the marketing of cotton by 3 C. S., 4925(a) *et seq.* Chapter 91, article 5, authorized the operation of public warehouses. Section 5118 provides: "Any person or any corporation organized under the laws of this State and whose charter authorizes it to engage in the business of a warehouseman, may become a public warehouseman and authorized to keep and maintain public warehouses for the storage of cotton, goods, wares, and other merchandise as hereinafter prescribed and upon giving the bond hereinafter required."

The words "goods, wares, and merchandise" are used in section 2459 and in section 5118. The first provides for the storage of furniture and tobacco; the other for the storage also of cotton. The chapter on "Warehouse Receipts" defines "goods" as "chattels or merchandise in storage, or which has been or is about to be stored," and "warehouseman" as a person lawfully engaged in the business of storing goods for profit. It gives the warehouseman a lien on goods deposited or on the proceeds thereof in his hands, for all lawful charges for the storage and preservation of the goods. C. S., 4067. It was probably in consideration of public service or the performance of a statutory duty, such as the payment of a privilege tax or the execution of an official bond, that the Legislature granted to warehousemen a lien on goods in storage. Construing the several statutes in *pari materia* we are convinced that section 2459 applies only to those engaged in the business of accepting goods for storage and making a charge therefor at the time they are received.

No error.