### EDITH DYER v. JOHN W. DYER.

(Filed 15 December, 1937.)

**1. Divorce § 13—Absolute divorce upon two years separation does not affect decree for subsistence under C. S., 1667.**

A consent decree for subsistence entered in the wife's action under C. S., 1667, is not affected by a subsequent decree for absolute divorce entered in the husband's action under C. S., 1659 (a), upon the ground of two years separation, since the decree for subsistence comes within the proviso of C. S., 1663, even though the proviso refers only to decrees for absolute divorce under C. S., 1659, on the ground of ten years separation, the effect of C. S., 1659 (a), being merely to shorten the time from ten years, as required by C. S., 1659, to two years, and the two statutes being construed *in pari materia,* and the proviso of C. S., 1663, being broad enough to cover judgments or decrees under C. S., 1659 (a).

**2. Same—Decree for subsistence under C. S., 1667, is a decree awarding "alimony" within proviso of C. S., 1663.**

A consent decree for subsistence entered in the wife's action for alimony without divorce under C. S., 1667, is a decree awarding "alimony" within the meaning of the proviso of C. S., 1663, it being apparent from a study of the original titles of the public laws relating to the subject, ch. 193, Public Laws of 1871-72; ch. 24, Public Laws of 1919; ch. 52, Public Laws of 1923, that the Legislature used the word "alimony" in its broad rather than its technical sense, and that the word "alimony" as used in the proviso of C. S., 1663, is not confined to actions by the wife for divorce from bed and board, and the decree for subsistence, under C. S., 1667, is not affected by a subsequent decree of absolute divorce upon the ground of two years separation under C. S., 1659 (a).

**3. Statutes § 5a—**

Where the meaning of a statute is in doubt, reference may be had to the title and context as legislative declarations of the purpose of the act.

**4. Same—**

The intent and spirit of a statute is controlling in its construction.

DYER *v.* DYER.

**5. Divorce § 14—**

> A consent decree for subsistence entered in the wife's action under C. S., 1667, "pending further orders of this Court," is binding so long as no "further orders" are made, and the husband may be attached for contempt for willful disobedience of the order, C. S., 978 (4).

APPEAL by defendant from *Armstrong, J.,* at May-June Civil Term, 1937, of GUILFORD.

Proceeding heard upon rule directing defendant to appear and show cause why he should not be held in contempt for willful disobedience of order of the court entered by consent, requiring him to pay to plaintiff stipulated subsistence.

The court below found facts substantially as follows : Plaintiff and defendant are residents of Guilford County, North Carolina. Plaintiff instituted this action in April, 1934, against the defendant, her husband, to have allotted and paid reasonable subsistence and counsel fees, under C. S., 1667.

On 27 April, 1934, a judgment by consent of the parties was entered by Clement, Judge of Superior Court, requiring defendant to pay to plaintiff, "pending the further orders of this court," $75.00 per month under circumstances which now exist for her reasonable subsistence. After being cited and found in contempt several times in refusing to comply with the said consent order, defendant paid all installments through 31 March, 1937. In each instance for which citation was so made defendant was permitted to absolve himself by making payments then in arrears.

On 10 February, 1936, upon motion by defendant, finding as a fact there existed no good cause why the judgment of 27 April, 1934, be modified, or the allowance therein be decreased, Rousseau, Judge of Superior Court, signed judgment refusing to reduce the monthly payments required thereunder, and confirmed and continued the judgment in full force and effect.

Defendant has willfully failed and refused to comply with the provisions of said judgment of 27 April, 1934, for payments as required therein for April, May, and June, 1937.

In February, 1937, while plaintiff was on a visit to Louisville, Kentucky, defendant instituted an action against plaintiff for divorce in the Superior Court of New Hanover County, North Carolina, upon the ground of two years separation, published notice of summons and obtained a decree of absolute divorce—the validity of which was not passed upon in this action.

The court below being of opinion that the said consent judgment of 27 April, 1934, comes within the proviso of sec. 1663, and is still subsisting, adjudged defendant guilty of contempt in willfully failing to

comply with the order of the court. The court further adjudged that defendant be confined in the common jail of Guilford County until he has made the payments required under the judgment of 27 April, 1934, and until he complies with the orders of the court, or is otherwise discharged according to law.

From judgment signed, defendant appealed to the Supreme Court, and assigned error.

*R. T. Pickens for plaintiff, appellee.*
*C. N. Cox and Gold, McAnally & Gold for defendant, appellant.*

WINBORNE, J. Conceding, but not deciding, that the judgment of absolute divorce upon ground of two years separation in his action is valid, is defendant thereafter subject to attachment for contempt for willful disobedience of order (C. S., 978 [4]) to pay his wife subsistence theretofore entered by his consent in her action therefor without divorce, under C. S., 1667? We hold that he is.

If the consent order in favor of the wife in her action is not subject to nullification by a decree of absolute divorce on ground of separation, then it remains as an order of the court with which the defendant must comply.

The proviso in C. S., 1663, is the determinative factor. Pertinent parts of that section read: "A decree for absolute divorce upon the ground of separation for ten successive years as provided in C. S., 1659, shall not impair or destroy the right of the wife to receive alimony under any judgment or decree of the court rendered before the commencement of the proceeding for absolute divorce."

C. S., 1659 (a), authorizing absolute divorce after separation for two years was construed by the Court in *Howell v. Howell,* 206 N. C., 672, 147 S. E., 921, to automatically reduce the time from ten years, in C. S., 1663, to two years. The Court there held that "the two are cognate statutes, dealing with similar questions and are to be construed *in pari materia.*" In like manner construing the proviso of C. S., 1663, and C. S., 1667, the former is broad enough to cover judgments or decrees under the latter.

The defendant contends, however, that the word "alimony" as used in the said proviso has a technical, rather than a broad, meaning, and limits and confines the provisions thereof to judgments in actions brought by the wife against the husband for divorce from bed and board. With this we do not agree.

Manifestly the Legislature, in dealing with the subject of alimony to meet various situations, intended to protect the faithful wife in her right to be supported and provided for by the husband. The words "alimony"

and "subsistence" have a kindred meaning. In Webster's New International Dictionary Unabridged "alimony" is defined: "Maintenance, means of living, an allowance made to a woman for her support out of income of her husband." "Subsistence" is defined: "Means of support, provisions, or that which procures provisions, livelihood, . . ." Each is appropriate for use in dealing with the subject of support for the wife.

"Alimony in its strict sense is confined to an allowance made to a wife who is legally separated or divorced from her husband, but in many jurisdictions courts have authority to make an allowance to a wife who is living separate and apart from her husband, without being legally separated or divorced; and this allowance has come to be known as alimony, although it is often called separate maintenance." 19 C. J., 203.

If the meaning of the statute were in doubt, reference may be had to the title and context as legislative declarations of the purpose of the act. *S. v. Woolard,* 119 N. C., 779, 25 S. E., 719; *Machinery Co. v. Sellers,* 197 N. C., 30, 147 S. E., 674. It is interesting to note pertinent acts of the Legislature which afford clarifying information.

Chapter 193, Public Laws 1871-72, is the basis for sections of the Consolidated Statutes relating to alimony. As published in the bound volume of Public Laws of the session of the General Assembly 1871-72, that act contains sections bearing headings as follows: *"Sec. 37. Alimony on divorce from bed and board."* The language in the body of the section is the same as C. S., 1665. *"Sec. 38. Alimony pendente lite."* The language there is substantially the same as C. S., 1666. *"Sec. 39. When wife not seeking for divorce is entitled to alimony."* The language there is basically the language of C. S., 1667. By further reference to the original bill in manuscript form, among the records in the archives in the office of the Secretary of State, it is found that the headings to the sections above were incorporated in the bill as enacted by the General Assembly, and are in no respect the work of subsequent editing.

In chapter 24, Public Laws 1919, entitled "An act to amend section 1567 of the Revisal of 1905, in reference to alimony or support," the section as it now appears, C. S., 1667, was substituted, beginning with the words: "Alimony without divorce, when. If any husband shall separate himself," etc.

In chapter 52, Public Laws 1923, entitled "An act to amend section 1667 of the Consolidated Statutes, relating to alimony without divorce," the word "alimony" appears. The section reads: "Provided, that in all applications for *alimony* under this section it shall be competent for the husband to plead adultery of the wife, . . . and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as *alimony* . . ."

Thus it is clear that the Legislature, in enacting the original sections, and all along the line, used the word "alimony" in its broad rather than technical meaning.

"The heart of the statute is the intention of the law-making body," *Stacy, C. J.,* in *Trust Co. v. Hood, Comr.,* 206 N. C., 268, 173 S. E., 601.

"It has been said that the letter of the law is its body; the spirit, the soul; and the construction of the former should never be so rigid and technical as to destroy the latter." *Adams, J.,* in *Machinery Co. v. Sellers, supra.*

The judgment for subsistence was by the act of the parties given binding effect "pending further orders of this Court." The law in this State as to the effect of such consent decree is settled. *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350, and numerous cases therein cited.

We are not inadvertent to the cases of *Cram v. Cram,* 116 N. C., 288, 21 S. E., 197; and *Anderson v. Anderson,* 183 N. C., 139, 110 S. E., 863. They are not in conflict with the decision on this record.

So long as in this action no "further orders" are made, nullifying the provisions of the consent decree, its provisions are binding.

The judgment is

Affirmed.