STATE v. VICTOR KELLER, JESS KELLER, LIZZIE KELLER, JANIE CLINE, CHARLIE COFFEY, AND FATE SUMMERLIN.

(Filed 23 November, 1938.)

1. Statutes § 5a—

If the meaning of a statute is in doubt, reference may be had to the title and context as legislative declarations of the purpose of the act.

2. Robbery § 1b—Defendants threatening use of firearms must have possession of weapons in order to be guilty of "robbery with firearms."

The purpose and intent of ch. 187, Public Laws of 1929 (C. S., 4267 [a]), is to provide for more severe punishment for the commission of robbery with firearms, and other specified weapons, than is prescribed for common law robbery, and construing the title and context of the statute together to ascertain the legislative intent, it is held that possession of firearms or other of the specified weapons is necessary to constitute the offense of "robbery with firearms" under the statute, and it is reversible error for the court to refuse to so instruct the jury in accordance with defendants' prayers for special instructions upon evidence tending to show that defendants sought to make their victim believe they had firearms, and threatened to use same, but that they actually carried no weapon.

APPEAL by defendants Victor Keller, Jess Keller, Lizzie Keller, Janie Cline, and Charlie Coffey, from Olive, J., at August Term, 1938, of CALDWELL.

Criminal action on indictment charging defendants with robbery with firearms of one Montreal Beach. Public Laws 1929, ch. 187; C. S., 4267 (a).

The defendants pleaded not guilty.

The prosecuting witness, Montreal Beach, 80 years of age, testified that on 30 January, 1938, the defendant Victor Keller and one Roy Andrews came into his house late at night; that Keller took him by one arm and said that he had a pistol and would kill him unless he turned over his money. Beach further testified: "I was standing by the little table drawer when they took the $20. . . . . He put something against the side of my head, which he said was a pistol, and knocked me two or three times with his fist. . . . I didn't see a pistol. He hit my head and said it was a pistol."

The State's witness, Roy Andrews, who with his wife pleaded guilty, turned State's evidence and implicated other defendants in the alleged robbery, testified: That Victor Keller knocked Beach far enough to open the door, and argued with him but did not have any gun. "He just stuck his finger up to his head."

Verdict: Guilty as to Victor Keller, Jess Keller, Lizzie Keller, Janie Cline and Charlie Coffey. Not guilty as to Summerlin.

Judgment: Imprisonment in the State's Prison at Raleigh at hard labor for terms as follows: As to Victor Keller, of not less than seven nor more than nine years; as to Jess Keller and Charlie Coffey, each, of not less than six nor more than eight years; and as to Lizzie Keller and Janie Cline, each, of not less than five nor more than seven years.

These defendants appeal to Supreme Court, and assign error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Hunter Martin for defendant Victor Keller, appellant.*
*Hal B. Adams for other defendants, appellants.*

WINBORNE, J. Defendants' exceptive assignment is well taken to the refusal of the court below to give in form or in substance this request for instruction: "Before the defendants, or either of them, be found guilty of larceny by the threat of using firearms or other weapons, it would be necessary for it to be found that not only was there a threat of the use of a pistol or weapon of some sort but that actually such pistol or other weapon was at the time in the possession of the defendants or one of them at the time of the threat being made, or at the time the alleged assault and larceny was being consummated."

Defendants are indicted under chapter 187 of Public Laws of 1929, entitled "An act making robbery with firearms or other dangerous weapons, implements or means whereby the life of a person is endangered or threatened, a felony." Sec. 1, in part, reads: "Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another, . . . or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony . . ."

Under proper construction of this statute, can a defendant be found guilty thereunder without the presence of "firearms, or other dangerous weapons, implements or means whereby the life of a person is endangered or threatened"? The title and context of the act lead us to say "No."

If the meaning of the statute be in doubt, reference may be had to the title and context as legislative declarations of the purpose of the act. *S. v. Woolard,* 119 N. C., 779, 25 S. E., 719; *Machinery Co. v. Sellers,* 197 N. C., 30, 147 S. E., 674; *Dyer v. Dyer,* 212 N. C., 620, 194 S. E., 278.

In *S. v. Woolard, supra, Clark, J.,* said: ". . . the title is part of the bill when introduced, being placed there by the author, and probably attracts more attention than any other part of the proposed law,

and if it passes into law the title thereof is consequently a legislative declaration of the tenor and object of the act. . . . Consequently, when the meaning of an act is at all doubtful, all the authorities now concur that the title should be considered."

Applying these principles and considering the wording of the title to the act in question, it is manifest that the Legislature had in mind robbery accomplished *with* firearms, or other dangerous weapons, implements or means whereby the life of a person is endangered or threatened. "With" in the connection in which it is employed indicates "causal connection; by or through the means of; through; as, to defend himself *with* a club"—Webster. Defense *with* a club implies the presence of a club. In like manner, robbery *with* firearms of necessity requires as a constituent element the presence of firearms.

This is consonant with the meaning of the clause in sec. 1, which reads: "With the use or threatened use of any firearms." In this connection the word "use" as a noun has the meaning of an "act of employing anything, or state of being employed; application; employment; as, the use of a pen; his machines are in use," and may signify the "method or way of using"—Webster. The words "threatened use" coupled, as they are, with the preceding words clearly indicate the threatened act of employing. Hence, construed contextually the clause *"with* the use or threatened use" of a weapon, requires, in the one instance, or presupposes, in the other, the presence of the weapon with which the act may be executed or threatened.

Then reading together the title and text of the act, the title clearly expresses the intent and purpose of the Legislature to provide for more severe punishment for the commission of robbery with firearms, and other specified weapons, than is prescribed for common law robbery. And in this connection it is well to note that the court failed to charge on the offense of robbery at common law.

As the case goes back for new trial, other exceptions need not be considered.

New trial.