Civil action to recover against defendant Henry W. Davis on two certain promissory notes of hand and under seal dated 15 March, 1927, due one year after date, allegedly executed by him to plaintiff Mrs. Troy Smith and to James M. Davis, respectively, — the latter now being deceased, and testator of plaintiffs Wachovia Bank and Trust Company and Rebecca W. Davis, Executors, — and to foreclose on first deed of trust executed cotemporaneously therewith to John L. Rendleman, Sr., Trustee, conveying as security therefor an undivided one-third interest in certain land in city of Salisbury, North Carolina.
Defendant R. C. Boyce and First National Bank of Salisbury answering the complaint of plaintiffs, deny that any indebtedness is now secured by the deed of trust, for that plaintiffs having failed to comply with the provisions of G.S., 45-37 (5), payment is conclusively presumed, and they plead payment and conclusive presumption of payment, and the ten years statute of limitation in bar of plaintiffs' right to recover in this action.
When the case came on for hearing in Superior Court a jury trial was waived, and the parties agreed in open court that the Judge presiding should find the facts from evidence introduced by the parties, and thereupon enter judgment. In accordance therewith the Judge found facts, in summary pertinent to this appeal, as follows:
I. On 15 March, 1927, Henry W. Davis borrowed the sum of $10,000 each from plaintiff, Mrs. Troy Smith, and from James M. Davis, — who died testate 16 November, 1943, naming Wachovia Bank and Trust Company, Executor and Trustee, and Rebecca W. Davis, Executrix, — and delivered to each his promissory note in said amount bearing interest, and due one year after date, and cotemporaneously therewith he, Henry W. Davis, and his wife, Louise W. Davis, executed and delivered to John L. Rendleman, Sr., a deed of trust conveying as security therefor an undivided one-third interest in and to certain land in the city of Salisbury, N.C. which deed of trust was duly registered on 29 March, 1927, in the mortgage deed records for Rowan County, N.C.
II. Henry W. Davis paid the interest on the note to Mrs. Troy Smith to 1 April, 1928, and on the note to James M. Davis to 1 July, 1929, but made no further payment on principal of or interest on either of said notes until the year 1945, when on 20 January, of that year, he paid to plaintiff Mrs. Troy Smith the sum of $186.50, and when on 19 January, of that year, he paid to the Executors of the estate of James M. Davis the sum of $186.51, upon the principal indebtedness represented by said notes respectively, at which times defendant, Henry W. Davis, acknowledged his indebtedness upon each of said notes and expressed his desire *Page 174 
to pay the same in full as and when his income permitted, and by virtue of said notes, respectively, he is indebted (1) to plaintiff Mrs. Troy Smith in the sum of $10,000, with interest from 1 April, 1928, at rate of 6% per annum, computed semiannually, subject to a credit upon the principal of said indebtedness of $186.50, with interest thereon from 20 January, 1945, and (2) to plaintiffs, Wachovia Bank and Trust Company, and Rebecca W. Davis, Executors under the will of James M. Davis, in the sum of $10,000 with interest from 1 July, 1929, at rate of 6% per annum, computed semiannually, subject to a credit upon the principal of said indebtedness in the sum of $186.51 with interest thereon from 19 January, 1945.
III. The plaintiff, Mrs. Troy Smith, and James M. Davis, he then being alive, failed, within the period of fifteen years after the maturity of the last installment of debt or interest secured by the terms of the deed of trust executed and delivered to John L. Rendleman, Sr., Trustee, that is, within fifteen years after 15 March, 1928, to file an affidavit with the register of deeds of Rowan County, North Carolina, where said deed of trust is registered, specifically stating the amount of debt unpaid secured thereby, or in what respect any other condition of said instrument had not been complied with, and also failed in lieu of such affidavit to enter on the margin of the record of said deed of trust any payments made on the indebtedness secured by it, and the amount still due thereunder, — and no such affidavit or marginal reference has ever been filed or entered in the office of the register of deeds for Rowan County, N.C.
IV. On 7 November, 1933, at time when the deed of trust executed by defendants, Henry W. Davis and his wife, Louise W. Davis, to John L. Rendleman, Sr., Trustee, referred to above, was duly registered, and in full force and effect, the defendant First National Bank of Salisbury, N.C. loaned to defendants Henry W. Davis and wife, Louise W. Davis, the sum of $8,225.00, for which they executed their promissory note in said sum to the Bank, and, upon default in payment of the note, the Bank obtained a judgment against Henry W. Davis and wife, Louise W. Davis, on 21 October, 1935, for the full amount of the note with interest thereon from 1 August, 1935, which judgment was duly docketed in office of clerk of Superior Court of Rowan County, N.C.
V. Thereafter, on 15 June, 1945, defendant First National Bank of Salisbury procured the issuance of a writ of execution upon the said judgment against Henry W. Davis and wife, Louise W. Davis, directed to the sheriff of Rowan County, and commanding the sale of lands and property of Henry W. Davis, — being the same property described in the deed of trust executed to John L. Rendleman, Sr., Trustee, securing the payment of the notes originally executed and delivered to plaintiff, Mrs. Troy Smith, and to James M. Davis. Pursuant thereto the sheriff *Page 175 
exposed the interest of Henry W. Davis and wife, Louise W. Davis, in said lands to public sale at the courthouse door in Salisbury, N.C. on 6 September, 1945, when and where C. A. Mayfield became the last and highest bidder at the price of $7,500. (At the sale and prior to the bidding and in the presence of C. A. Mayfield, and other bidders then and there present, and at the instance of plaintiffs, the sheriff read a notice from plaintiffs that the interest of Henry W. Davis and wife, Louise W. Davis, in the land proposed to be sold under said execution is subject to the prior lien of the deed of trust executed by them to John L. Rendleman Sr., Trustee, as aforesaid, securing the payment of the two notes therein described, the aggregate of principal and interest thereon due as of that date, in the sum of $39,755.90, and that the purchaser at such sale would take title to said premises subject to the lien of the said deed of trust and the notes thereby secured.)
VI. Subsequently C. A. Mayfield transferred and assigned his bid to R. C. Boyce, who, having knowledge of the claim of the plaintiffs that the lien of said deed of trust was still valid and in effect, declined to comply with the terms of the bid, until defendant First National Bank of Salisbury, through its board of directors, adopted a resolution in which it was agreed that in consideration of R. C. Boyce going through with the sale, and paying the purchase price, and taking legal action to clear the title to the property, the Bank would indemnify him in the event he failed to have the deed of trust "declared void and barred by the statute of limitations, or the title affected." Pursuant thereto, R. C. Boyce paid the purchase price and obtained a deed from the sheriff to him dated 18 September, 1945, conveying "all right, title, interest and estate of the said Henry W. Davis and Louise W. Davis, judgment debtors" in the said lands, — which deed was filed for registration on 21 September, 1945, and registered in record of deeds in office of register of deeds for Rowan County, N.C.
VII. And thereafter the net balance of the proceeds from the execution sale were delivered to the Bank, and converted by it on 26 September, 1945, into its cashier's check, which has not been cashed and is now held by the Bank subject to the result of this action.
Upon the foregoing findings of fact, the court being of opinion as matters of law (1) that the plaintiffs are entitled to recover against defendant Henry W. Davis, the amounts due upon the notes executed by him to them, as afore-stated, (2) that the lien of the deed of trust executed by defendants, Henry W. Davis and wife, Louise W. Davis, to John L. Rendleman, Sr., Trustee, is valid and subsisting for the purpose of securing said indebtedness, (3) that each and all of the terms and conditions of the deed of trust have been broken by defendants. Henry W. Davis and wife, Louise W. Davis, and (4) that plaintiffs are entitled *Page 176 
to have said deeds of trust enforced and foreclosed and the lands described sold, and the proceeds arising from the sale applied to and upon the payment of the sums due plaintiffs, entered judgment in accordance therewith (a) for the sale of the lands and the application of proceeds of sale to payment of costs and expenses of sale, including an allowance to the commissioner, and all ad valorem taxes upon the premises due the county of Rowan and the city of Salisbury, N.C. and balance into office of clerk of Superior Court of Rowan County to be applied on this judgment, and any "overplus to be paid to the defendant, R. C. Boyce"; and (b) barring defendants and all persons having liens subsequent to the date of deed of trust, etc.
Defendants, R. C. Boyce and First National Bank of Salisbury, appeal therefrom to Supreme Court and assign error.
The record on this appeal shows that during the course of the hearing in the trial court defendants, appellants, entered numerous exceptions to the admission of evidence, as well as exceptions to the denial of their motions for judgment as of nonsuit, — all of which are grouped in the assignments of error shown. The record also shows that there is no exception to any finding of fact made by the court. There is exception to the signing of the judgment. In the light of this situation, the exceptions to the evidence offered are ineffectual. However, on examination they are found to be without merit. And the exception to the signing of the judgment raises only the question as to whether the facts as found by the court are sufficient to support the judgment. That is, such exception challenges only the conclusions of law upon the facts so found. Hylton v. Mt. Airy,227 N.C. 622, 44 S.E.2d 51; Vestal v. Machine Co., 219 N.C. 468,14 S.E.2d 427; Manning v. Ins. Co., 227 N.C. 251, 41 S.E.2d 767, and cases cited.
The questions thus raised in the present case are fundamental and tantamount to question presented on motion for judgment as of nonsuit.
The two questions of law arising upon the facts found and presented by appellant for decision and determinative of this appeal are these:
I. Are the two notes executed by Henry W. Davis to Mrs. Troy Smith and to James M. Davis, respectively, sued upon in this action, and the deed of trust to John L. Rendleman, Sr., Trustee, securing the same, sought to be foreclosed, barred by the ten year statute of limitations — G.S.,1-47 (2), and G.S., 1-47 (3), respectively? In the light of the *Page 177 
facts found by the court in respect of the payments made in January, 1945, by Henry W. Davis on these notes the decisions of this Court provide a negative answer to the question. See Walton v. Robinson, 27 N.C. 341;Hewlett v. Schenck, 82 N.C. 234; McDonald v. Dickson, 87 N.C. 404; Bankv. Harris, 96 N.C. 118, 1 S.E. 459; Battle v. Battle, 116 N.C. 161,21 S.E. 177; Supply Co. v. Dowd, 146 N.C. 191, 59 S.E. 685;Kilpatrick v. Kilpatrick, 187 N.C. 520, 122 S.E. 377; Grocery Co. v.Hoyle, 204 N.C. 109, 167 S.E. 469.
Those payments had the effect of reviving the liability of Henry W. Davis on these notes. In Walton v. Robinson, supra, decided in the year 1845, Ruffin, C. J., states that, "Nothing is plainer than that making a payment on a note repels the statute. It is assuming the payment anew." And this principle is not altered by the provisions of G.S., 1-26, originally enacted as Section 51 of The Code of Civil Procedure of North Carolina (1868), prescribing that a new promise to pay an indebtedness must be in writing, in that it expressly provides therein that "this Section does not alter the effect of any payment of principal or interest." The decisions of this Court treating of this provision hold that the effect of this clause is to leave the law as it was prior to the adoption of The Code of Civil Procedure as regards the effect of a partial payment in removing the bar of the statute of limitations. Bank v. Harris, supra; Battle v. Battle, supra;Supply Co. v. Dowd, supra; Kilpatrick v. Kilpatrick, supra.
And in Hewlett v. Schenck, supra (1879), Smith, C. J., wrote in reference thereto: "So a partial payment, though the evidence need not be in writing, being an act and not a mere declaration, revives the liability because it is deemed a recognition of it and an assumption anew of the balance due. But if at the time such payment is made the presumption arising from the unexplained fact is disproved by the attending circumstances or other sufficient evidence of a contrary intent, the payment will not have such effect."
And in the Supply Company case, it is said: "The general principle on which part payment takes the case out of the statute is that the party paying intended by it to acknowledge and admit the greater debt to be due." Also in the Kilpatrick case (1924), supra, Hoke, J., declares that "The authorities further hold that, in order to constitute a renewal of an account or obligation otherwise barred by the statutes of limitations, the alleged payment must be made and received `under circumstances permitting the inference that the debtor did so in recognition of the existence of the debt and of his obligation to pay the same.'"
Tested by these principles, the facts as found here by the court, — that at the times the payments were made the defendant Henry W. Davis acknowledged his indebtedness upon each of said notes and expressed his *Page 178 
desire to pay the same in full as and when his income permitted, in law amount to a revival of the indebtedness, — thereby fixing a new date from which the statutes of limitations begin to run.
Now, as to whether an action for the foreclosure of the deed of trust executed by Henry W. Davis and wife to John L. Rendleman, Sr., Trustee, as security for said note, is barred by the ten year statute of limitations, G.S., 1-47 (3), it is sufficient to point to the statute which provides that such action may be commenced "within ten years after the last payment on the same."
II. We come now to this question: Where the holder of an indebtedness secured by a deed of trust, duly registered, fails, within the period of fifteen years from the date when the conditions of it, by the terms thereof, are due to have been complied with, or from the maturity of the last installment of debt or interest secured thereby, to file and register an affidavit, or in lieu thereof make marginal entry on the record in accordance with provisions of statute, G.S., 45-37 (5), originally P. L. 1923, Chapter 192, is the conclusive presumption of compliance with the conditions of the deed of trust, or of the payment of the debt secured thereby, provided for under the said statute, available thereafter to those who become creditors of the trustor within said period of fifteen years?
The answer is to be found in the proper interpretation or construction of the statute. While the exact question has not been presented previously to this Court, reasonable interpretation and construction of the context of the statute in the light of the caption of the act as originally enacted by the General Assembly and of existing law leads to a conclusion accordant with the holding of the court below predicated upon a negative answer.
This statute as originally enacted by the General Assembly is captioned "An Act to Facilitate the Examination of Titles and to Create a Presumption of Payment of Instruments Securing the Payment of Money After Fifteen Years from the Date of Maturity of the Debts Secured Thereby." And the Act provides that: "The conditions of every mortgage, deed of trust, or other instrument securing the payment of money shall be conclusively presumed to have been complied with or the debt secured thereby paid, as against creditors or purchasers for a valuable consideration from the trustor, mortgagor or grantor, from and after the expiration of fifteen years from the date when the condition of such instrument by the terms thereof are due to have been complied with, or the maturity of the last installment of debt or interest secured thereby, unless the holder of the indebtedness secured by such instrument or party secured by any provision thereof shall file an affidavit with the register of deeds of the county where such instrument is registered, in which shall be specifically stated the amount of debt unpaid, which is secured by said *Page 179 
instrument, or in what respect any other condition thereof shall not have been complied with, whereupon the register of deeds shall record such affidavit and refer on the margin of the record of the instrument referred to therein the fact of the filing of such affidavit, and a reference to the book and page where it is recorded. Or in lieu of such affidavit the holder may enter on the margin of the record any payments that have been made on the indebtedness secured by any such instrument, and shall in such entry state the amount still due thereunder. This entry must be signed by the holder and witnessed by the register of deeds." G.S., 45-37 (5).
The parties to this action differ in their views as to the meaning of this statute. The appellants contend that the Legislature in enacting the statute intended that the conclusive presumption of payment should arise in favor of creditors or purchasers for a valuable consideration irrespective of whether the claims are contracted within, or after the expiration of the fifteen year period. On the other hand, appellees contend that the Legislature in enacting the statute intended that the conclusive presumption of payment should arise in favor of only those creditors or purchasers for a valuable consideration whose claims are contracted after the expiration of the fifteen year period. Stated concisely, to what creditors or purchasers for a valuable consideration did the Legislature intend to afford protection by enacting the statute?
At the time of the enactment of this statute, 1923, the law with respect to the revival and renewal of existing obligations prevailed as it does now and as it is applied here in answer to the first question. No statutory provision had been made for the public in dealing with the mortgagor, trustor or grantor to ascertain whether the indebtedness secured by an old and unsatisfied mortgage or deed of trust or other instrument had been paid. And, in providing a remedy for such difficulty, the Legislature must have passed the act in the light of the well settled principles of the law that an obligation otherwise barred by the statute of limitations could be revived by a payment thereon, as hereinabove held, or by written acknowledgment as provided by statute, G.S., 1-26. The caption of the act would indicate as much. Therefore, if the context of the statute under consideration be not clear as to what the Legislature intended, the caption of the act as originally enacted tends to clarification.
It is a well established rule of construction in this State that when the meaning of an act of the General Assembly is in doubt, reference may be had to the title and context of the act of legislative declarations of the purpose of the act, — the intent and spirit of the act controlling in its construction. S. v. Woolard, 119 N.C. 779, 25 S.E. 719; Machinery *Page 180 Co. v. Sellers. 197 N.C. 30, 147 S.E. 674; Dyer v. Dyer, 212 N.C. 620,194 S.E. 278; S. v. Keller, 214 N.C. 447, 199 S.E. 620.
In the case in hand, the first clause of the caption or title of the act indicates the primary purpose of the act, that is, to facilitate the examination of titles. "To facilitate" according to Webster's Dictionary, means "to make easy or less difficult, to free from difficulty or impediment." In this light the provisions of the statute in respect to the presumption of payment, are prospective. For whose benefit then did the Legislature intend to make easy or less difficult the examination of titles, — the creditor who wishes to deal with the mortgagor, trustor or grantor on the faith of the presumption of payment created by the statute, or the creditor who becomes a creditor of the mortgagor or trustor, or grantor before the presumption of payment arises?
In this respect, we agree with argument advanced by appellee that the primary purpose sought to be accomplished was to promote freer marketability in cases where old and unsatisfied mortgages and deeds of trust, securing debts, were hampering real estate transaction, and that this economic purpose is adequately accomplished by furnishing protection to parties who extend credit or purchase for a valuable consideration "from and after" the expiration of the fifteen year period.
An analysis of the phraseology of the statute tends to support this view. In brief, the statute declares first that there shall be a conclusive presumption of payment; next, that the presumption applies in favor of creditors or purchasers for a valuable consideration from the trustor, mortgagor or grantor; and then, that the presumption shall take effect "from and after the expiration of fifteen years, etc."
If the Legislature had intended the act to favor creditors, who had extended credit prior to the time when the presumption of payment arises, an ordinary statute of limitation would have been appropriate.
In the case Hicks v. Kearney, 189 N.C. 316, 127 S.E. 205, this Court, considering this statute, then P. L. 1923, Chapter 192, now G.S.,45-37 (5), held that the conclusive presumption of payment of a debt secured by a mortgage, as against creditors and purchasers for value, after fifteen years, is prospective in its effect. In this case Adams, J., speaking of the two notes secured by a mortgage, there in question, which antedated the passage of the act, used this expression: "Neither of these debts could have been contracted on the faith of the statutory presumption unless the statute be given retroactive effect." Appellees contend with force that the use of the words "debt . . . contracted on the faith of the statutory presumption" would seem to indicate that the Court had more in mind than the mere retroactive aspect of the statute; that, undoubtedly, the Court was indicating that the statute should apply only in favor of creditors who have a debt which was "contracted on the faith *Page 181 
of the statutory presumption"; and that such faith could not possibly arise prior to the expiration of the fifteen year period, — the presumption under the statute not arising until the termination of fifteen years.
In conclusion, the authorities cited by appellants, and the comparison between the statute in question and the registration statutes advanced by appellants, after careful consideration, fail to carry conviction adverse to the conclusions of law reached by the court below as set forth in the judgment there rendered — both with respect to appellant The First National Bank of Salisbury and to appellant R. C. Boyce.
Hence, the judgment below is
Affirmed.