E. L. JOHNSON AND WIFE, REVIS JOHNSON, v. R. E. BARHAM AND WIFE, MAUDIE C. BARHAM.

(Filed 18 October, 1950.)

**1. Appeal and Error § 6c (2)—**

A sole assignment of error to the signing of the judgment presents only whether the facts found support the conclusions of law.

**2. Deeds § 11—**

Ordinarily the premises and granting clauses designate the grantee and the thing granted, while the *habendum* relates solely to the *quantum* of the estate, and the granting clause is the very essence of the contract and controls when in conflict with the *habendum.*

**3. Deeds § 13a—Deed held to convey as matter of law interest of tenant by curtesy in entire tract notwithstanding that heir, joining in deed, conveyed only her undivided interest in the locus.**

A deed was executed by a tenant by the curtesy and one heir and her spouse. Following the granting clause and the description, the deed stated that the heir and her husband were conveying a one-third undivided interest "in the above described tract" followed by another paragraph in which it stated the widower conveyed his curtesy "in the above described tract." *Held:* The granting clause, *habendum*, and warranty all relating to a conveyance in fee simple, the tenant by the curtesy conveyed his interest in the entire tract described and not his curtesy in a one-third undivided interest therein, and *held further* the only interlocking relationship in the paragraphs is in the description of the land, and therefore there is no latent ambiguity arising from the two paragraphs immediately following the description so as to permit the introduction of evidence *aliunde.*

APPEAL by plaintiffs from *Morris, J.,* at February Term, 1950, of JOHNSTON.

Special proceeding for partition of land, which, upon denial of petitioners' title in part, was transferred to and heard in Superior Court at term time.

The appeal involves the construction of a certain deed, dated 31 October, 1949, from H. M. Richardson, widower, and Rosa Lee Richardson Rigsbee and husband, Lunsford Allen Rigsbee, to R. E. Barham, which in pertinent part reads as follows: "That said H. M. Richardson, widower, and Rosa Lee Richardson Rigsbee and husband, Lunsford Allen Rigsbee, . . . have bargained and sold, and by these presents do grant, bargain, sell and convey to said R. E. Barham, his heirs and assigns, a certain tract or parcel of land in Johnston County, State of North Carolina, . . . and bounded as follows, *viz.:* (Specific description here) and containing 75.25 acres, more or less, and being the same property conveyed by G. E. Robertson to Bertha Hinnant Richardson by deed dated December 3, 1932, and recorded in Book 301, page 35 of the Registry of Johnston County.

"The grantors, Rosa Lee Richardson Rigsbee and husband, Lunsford Allen Rigsbee, do hereby convey to the grantee, R. E. Barham, their one-third undivided interest in and to the above described tract of land subject to their one-third part of the debts of the estate of Bertha Hinnant Richardson, deceased.

"The grantor, H. M. Richardson, widower, does by this instrument convey to the grantee, R. E. Barham, his curtesy and lifetime right in and to the above described tract of land.

"To Have And To Hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said R. E. Barham, his heirs and assigns, to their only use and behoof forever.

"And the said H. M. Richardson, widower, and Rosa Lee Richardson Rigsbee and husband, Lunsford Allen Rigsbee, for themselves and their heirs, executors and administrators, covenant with said R. E. Barham, his heirs and assigns, that they are seized of said premises in fee and have right to convey in fee simple; that the same are free and clear from all encumbrances, and that they do hereby forever warrant and will forever defend the said title to the same against the claims of all persons whomsoever."

Petitioners contend that under this deed H. M. Richardson, who owned an estate by curtesy in the whole tract of land described in the deed, conveyed only his curtesy in the "one-third undivided interest" of Rosa Lee Richardson Rigsbee referred to in the first paragraph following the description. And defendants contend that the deed conveys the estate by curtesy in the whole tract.

The presiding judge, upon hearing the matter, being of opinion that the construction of the deed is a matter of law to be determined from the instrument itself, held that, upon the face of the instrument itself, R. E. Barham is the owner of the curtesy interest of H. M. Richardson, widower, and as such owner is entitled to the immediate possession of the whole tract of land during the existence of the said curtesy. And the court refused to allow petitioners to offer any evidence as to attending and surrounding circumstances and agreement of the parties to show the intention of the parties as to the quantity of land conveyed to R. E. Barham by the said deed.

Plaintiffs appeal to Supreme Court and assign error.

*Leon G. Stevens, Elmer J. Wellons for plaintiffs, appellants.*
*Wellons, Martin & Wellons for defendants, appellees.*

WINBORNE, J. The sole assignment of error on this appeal is based upon exception to the signing of the judgment. Such exception challenges only the conclusions of law upon facts found by the court. *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51, and cases there cited directly and by reference. See also *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

Accordingly two questions of law, on which the correctness of the judgment depends, are presented by appellant for decision.

First: Did the court err in holding that, by the terms of the deed in question, H. M. Richardson conveyed his curtesy interest in the whole tract of land therein described?

A reading of the deed, in the light of applicable principles of law, lead to a negative answer to this question. *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 21, and cases cited.

The words used in the granting clause (1) "to said R. E. Barham, his heirs and assigns," (2) in the *habendum* "to the said R. E. Barham, his heirs and assigns, to their only use and behoof forever," and (3) in the warranty "said R. E. Barham, his heirs and assigns" clearly and unqualifiedly convey, and relate to a conveyance of a fee simple estate. Standing alone, the operative clauses of the deed constitute an unrestricted conveyance of the land described, that of a conveyance in fee simple. *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906. Ordinarily the premises and granting clauses designate the grantee and the thing granted—while the *habendum* clause relates to the *quantum* of the estate. "The granting clause is the very essence of the contract," 16 Am. Jur. 567, *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. And the *habendum,* in the present case, is in harmony with the granting clause.

Thus the granting clause and the *habendum* are sufficient in wording to convey whatever interest the grantors had in the land conveyed. Moreover, the paragraph reading, "The grantor, H. M. Richardson, does by this instrument convey to the grantee, R. E. Barham, his curtesy and lifetime right in and to the above described tract of land," if given effect, clearly covers the estate by curtesy in the "whole tract of land." The only tract of land "above described" in the deed is the whole tract. But if the paragraph were sufficient in wording to limit the quantity of the curtesy which had been included, as a matter of law, in the estate conveyed in the granting clause, it would be repugnant to both the granting clause and the *habendum.* Hence the granting clause prevails, and the repugnant clause is rejected. *Artis v. Artis, supra,* and cases cited.

Appellants state this as the second question: "If so, is there a latent ambiguity arising from the two paragraphs immediately following the description so as to make vague, uncertain or indefinite the interest of the grantor, H. M. Richardson, conveyed by the deed?"

Apparently this question is predicated upon the assumption that the first question would be answered in the affirmative. Since that is not the case, it would seem that discussion of this question is beside the point. But in any event, a reading of the two paragraphs fails to show any interdependent relationship. In the first place the grantors undertake to describe and limit the interest they are conveying "in and to the above described tract of land," and in the second paragraph the grantor also undertakes to describe and limit the interest he is conveying "in and to the above described tract of land." So, after all, the only interlocking relationship is the description of the land.

Therefore, the judgment below is

Affirmed.