J. C. MINTON v. TOWN OF AHOSKIE, A MUNICIPAL CORPORATION

No. 746SC300

(Filed 5 June 1974)

**Municipal Corporations § 9; Retirement Systems § 5— municipal retirement ordinance — payment for sick leave — permissive or mandatory**

Where a municipal vacation and sick leave ordinance provided that employees who retire and have 20 years continuous service "may" be paid for their accumulated sick leave as terminal leave pay and that payment may be made only by action of the city council, such payment for accumulated sick leave was not mandatory but was discretionary with the city council.

APPEAL by defendant from *Rouse, Judge,* 26 November 1973 Session of Superior Court held in HERTFORD County.

Plaintiff brought this action for a declaratory judgment to determine the rights and obligations of the parties under an ordinance, referred to as "Vacation and Sick Leave Ordinance," adopted by defendant on 20 December 1965. The cause was heard by the court without a jury, the parties stipulating that the case would consist of specified portions of the pleadings and certain stipulated facts.

The ordinance contained the following pertinent provisions:

"Whereas it is considered to be in the best interest of the Town of Ahoskie to establish the conditions of employment for all employees . . .

"Section 1. APPOINTMENTS, PROMOTIONS, AND DISMISSALS

\* \* \*

(c) SUSPENSION OR DISMISSALS Any employee guilty of gross negligence, disloyalty to the Town, or defects of character that bring discredit upon the Town . . . [and] so dismissed will lose all sick . . . leave on the books.

\* \* \*

"Section 3. ANNUAL LEAVE

(a) . . .

(b) TERMINAL LEAVE: A full-time employee shall be paid accrued annual leave upon separation from the Town, but in no case more than 30 days.

\* \* \*

"Section 4. SICK LEAVE

(a) DEFINITION: Absence from work may be charged to sick leave if the absence is due to sickness, injury, required physical or dental examination or treatment, illness in the employee's immediate family (living in the same house) which requires care by the employee or a funeral in the employee's family. All such absences with pay shall be charged against sick leave credit of the employee . . . .

(b) SICK LEAVE EARNED: Sick leave will not be allowed during the first six months of employment. One day of sick leave with full pay for each month worked will be allowed. Credits accumulated by each Town employee shall be retained as of the effective date of this ordinance. Only employees who retire and have 20 years continuous service may be paid for the amount of accumulated sick leave to his credit as terminal leave pay. Provided further that payment may be made only by Council action.

(c) FORFEIT LEAVE: Any employee who resigns his or her position with the Town will forfeit all accrued sick leave. Any employee who is dismissed by the Town will forfeit all accrued sick leave."

The court found the following pertinent facts: At least five other employees of defendant who had been working for defendant for several years prior to the adoption of the ordinance in controversy and who continued to work for defendant after its adoption retired during the period of time from the adoption of the ordinance until plaintiff retired; that defendant paid in full the accrued unused sick leave of each of these retiring employees both before and after adoption of the ordinance.

Plaintiff retired from defendant's employment on 13 October 1972 after twenty years and seven months continuous service as a police officer. During his period of employment, plaintiff did not avail himself of the periods of paid sick leave as set out in the ordinance, but rather accrued unused sick leave in the total amount of 169 days. Upon his retirement, plaintiff requested, by letter, that defendant's then existing town council approve payment for 169 days sick leave.

At the 7 November 1972 meeting of defendant's council, a motion that plaintiff be paid for his accrued sick leave did not pass and the minutes of the meeting contain no findings as to

the reason for said action. Plaintiff is the first retiring employee of defendant not to be paid for accrued, unused sick leave.

The court concluded as a matter of law that plaintiff was entitled to payment for the 169 days accumulated sick leave and ordered that defendant pay plaintiff for same. Defendant appealed.

*Revelle, Burleson and Lee, by L. Frank Burleson, Jr., for petitioner appellee.*

*L. Bennett Gram, Jr., for respondent appellant.*

BRITT, Judge.

On the facts presented in this case, was it mandatory for defendant to pay plaintiff for accumulated sick leave, or was such payment within the discretion of defendant's council? We hold that payment was discretionary with the council and the trial court erred in its conclusions of law and adjudication.

The answer to the question depends on the construction of the word "may" in section 4(b) of the ordinance set forth above, and the effect of the proviso of said section.

In 5 Strong, N. C. Index 2d, Municipal Corporations, § 29, p. 679, we find:

> "The rules applicable to statutes apply equally to the construction and interpretation of municipal ordinances, and when the language of an ordinance is clear and unmistakable, there is no room for construction, and the plain language of the ordinance must be given effect. A municipal ordinance must be construed to ascertain and effectuate the intention of the municipal legislative body as gathered from the language of the ordinance. Furthermore, such an ordinance, like a statute or other written instrument, should not be interpreted as consisting of detached, unrelated sentences, but must be construed as a whole. The courts must interpret an ordinance as written, and whether the ordinance should or should not permit a certain use is a legislative question for the governing body and not for the courts."

Defendant argues that the term "may" ordinarily is construed as permissive and not mandatory, and cites 7 Strong, N. C. Index 2d, Statutes, § 5, page 75, for this proposition. Plain-

tiff concedes that this is the rule, but cites *Puckett v. Sellars,* 235 N.C. 264, 69 S.E. 2d 497 (1952), as an instance in which the term was construed as mandatory. In *Puckett, supra,* at 268, 500, we find: " 'The general rule is that the word "may" will be construed as "shall," or as imposing an imperative duty whenever it is employed in a statute to delegate a power, the exercise of which is important for the protection of public or private interests. Whether merely permissive or imperative depends on the intention as disclosed by the nature of the act in connection with which the word is employed and the context.' [Citations.]" In *Puckett* there were such interests, namely, the collection of revenue and the punishment of those who overproduced tobacco. A reading of the record in this case fails to disclose such interests.

With respect to the construction of statutes, in *Art Society v. Bridges, State Auditor,* 235 N.C. 125, 130, 69 S.E. 2d 1, 5 (1952), we find: "In determining whether a particular provision in a statute is to be regarded as mandatory or directory the legislative intent must govern, and this is usually to be ascertained not only from the phraseology of the provision, but also from the nature and purpose, and the consequences which would follow its construction one way or the other. *Smith v. Davis,* 228 N.C. 172 (179), 45 S.E. 2d 51; *Machinery Co. v. Sellers,* 197 N.C. 30, 147 S.E. 674; *Spruill v. Davenport,* 178 N.C. 364 (368), 100 S.E. 527; *S. v. Earnhardt,* 170 N.C. 725, 86 S.E. 960; 59 C.J. 1073. The heart of a statute is the intention of the lawmaking body. *S. v. Humphries,* 210 N.C. 406, 186 S.E. 473."

Applying the stated principles to the case at hand, we think a reading of the ordinance in question discloses an intent to make the term "may" permissive and not mandatory. To conclude otherwise would completely ignore the proviso that payment (for accumulated sick leave) "may be made only by council action."

Furthermore, on the question of terminal leave, section 3(b) of the ordinance provides: "A full-time employee shall be paid accrued annual leave upon separation from the Town, but in no case more than 30 days." Annual leave under the ordinance is leave granted for vacation and not sickness. The ordinance empowers the town council to convert sick leave to terminal leave if the employee meets certain requirements. It is not an automatic conversion but one that takes place upon council action. Further, to credit plaintiff with 169 days of terminal

leave would be to far exceed the maximum allowable terminal leave as set forth in the ordinance.

For the reasons stated, the judgment appealed from is

Reversed.

Judges HEDRICK and CARSON concur.