PEOPLE v. HERTZ DRIVEURSELF STATIONS, INC.

1. AUTOMOBILES—CONTRACT CARRIERS—LESSOR OF TRUCKS.
Lessor of trucks was not subject to license as a contract motor carrier of property under motor carrier act, where it furnished fuel, oil, lubricants, repairs, insurance, license tags, garage and other service for the equipment to a lessee who paid rental based largely on mileage, took sole possession, furnished its own driver and transported its own property (CL 1948, § 477.1 et seq.).

2. SAME—MOTOR CARRIERS—LEASED EQUIPMENT—CONSTITUTIONAL LAW.
The regulation of the business of leasing motor equipment to a lessee over whom the lessor exercised no control whatsoever

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 37 Am Jur, Motor Transportation §§ 72, 75.
[1–3] Statutes requiring license for use of highway by private motor carriers and contract motor carriers for hire. 109 ALR 550.
When automobile or truck deemed to be operated "for compensation" or "for hire" within contemplation of license or tax statute or ordinance. 80 ALR 574.
[4] 14 Am Jur, Costs § 91.

is not a business covered by the title of the motor carrier act or within the purpose of the act as stated elsewhere than in amendment seeking to regulate the business of such leasing, hence, such amendment is unconstitutional (Const 1908, art 5, § 21; CL 1948, §§ 475.1, 475.2, 479.1).

3. SAME—LEASED EQUIPMENT—MOTOR CARRIER ACT.
The purpose of the motor carrier act is to promote safety and conserve the use of the highways of the State and to supervise, regulate and control the use of such highways by motor carriers of passengers and property for hire upon and over such highways, hence, does not cover the business of leasing motor equipment to a lessee by a lessor who did not itself transport passengers or property for hire (CL 1948, § 475.1 *et seq.*).

4. COSTS—PUBLIC QUESTION—CONSTRUCTION OF STATUTES.
No costs are allowed in criminal prosecution involving the construction of the motor carrier act, a public question being involved (CL 1948, § 475.1 *et seq.*).

Appeal from Saginaw; O'Neill (James E.), J. Submitted June 11, 1953. (Docket No. 71, Calendar No. 45,732.) Decided November 27, 1953.

Hertz Driveurself Stations, Inc., was charged with operating on the public highways without a contract carrier permit. Complaint and summons dismissed on motion. The people appeal. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Charles M. A. Martin* and *Robert A. Derengoski,* Assistants Attorney General, for the people.

*Henry M. Hogan (Walter R. Frizzell* and *Crane, Crane & Kessell,* of counsel), for defendant.

BUTZEL, J. Hertz Driveurself Stations, Inc., defendant, referred to herein as Hertz, was charged by the People of the State of Michigan, plaintiff, referred to herein as the State, with leasing, licensing or permitting the use of certain motor vehicles reg-

istered in its name by Associated Fruit & Produce
Company, Inc., herein referred to as Associated, over
the highways of the State of Michigan without a con-
tract carrier permit first being obtained from the
Michigan public service commission and contrary
to the provisions of PA 1933, No 254, art 3, § 1 *et seq.,*
as amended (being CL 1948, § 477.1 *et seq.* [Stat Ann
§ 22.548 *et seq.*]), and popularly known as the Mich-
igan motor carrier act and so designated in the rec-
ord and briefs.

Hertz, upon being found guilty by a justice of the
peace, appealed to the circuit court for the county
of Saginaw where the judge after directing a verdict
of guilty set it aside and ordered a dismissal of the
summons and complaint. The judge relied very
strongly upon a very comprehensive and able opin-
ion of Judge Chester P. O'Hara of the Wayne circuit
court, in which under similar facts, he found that
the act did not affect lessor-owners, and if it did,
the act would be unconstitutional as to them. The
State has aided us by printing Judge O'Hara's opin-
ion as an appendix to its brief. The State appeals.

In an agreed statement of facts, the State admit-
ted that if Associated "were the record title owner,
hauling their own merchandise, then it (Michigan
motor carrier act) has no application, but under
these facts it isn't a question of fact but of statutory
interpretation."

It was also stipulated under an agreed statement
of facts that the evidence on behalf of the defendant
developed the following facts:

"(a) A motor vehicle properly registered in the
name of defendant was leased by said defendant to
Associated Fruit & Produce Company of Flint on a
long-term basis.

"(b) The operation of said motor vehicle over
the highways of the State of Michigan was under the
complete domination and control of lessee, except the

vehicle was maintained, insured and serviced by Hertz in its own garage.

"(c) The chauffeur engaged in driving said motor vehicle has been employed by said lessee for this purpose for a period of 4 years.

"(d) Said employee has no relationship with defendant.

"(e) Said employee is paid wages by said lessee for performing his duties as chauffeur.

"(f) Said employee receives all his instructions relative to his employment from said lessee.

"(g) The property (fruit jars) transported in said motor vehicle was owned by said lessee and was being transported by said lessee as a part of its commercial enterprise of dealing in fruits and vegetables."

The long-term lease between Hertz and Associated is not set forth in the agreed statement of facts, except as hereinbefore indicated. It is, however, printed as the appendix to the State's brief, and as the State bases the sole question involved partly on the terms of the lease, we briefly refer to some of its terms. It is dated October 26, 1944, and provides for the leasing of motor vehicles, evidently trucks, by Hertz as lessor to Associated as lessee. Hertz is to furnish fuel, oil, lubricants, repairs, insurance, license tags, garage and other service for the trucks. Associated agrees to pay a rental in the main based on mileage and takes sole possession of the motor vehicle for the term of the lease.

The particular section of the act on which the charge is based is as follows:

"No contract motor carrier of passengers or property shall operate any motor vehicle for the transportation of either persons or property for hire on any public highway in this State, except in accordance with the provisions of this act. It shall be unlawful for any contract motor carrier of passengers or property to operate within this State without first

having obtained from the commission a permit therefor." CL 1948, § 477.1 (Stat Ann § 22.548).

Under the facts as stipulated, defendant Hertz did not operate any motor vehicle for the transportation of either persons or property for hire on any public highway in the State—it merely leased the motor equipment to Associated. It retained no control, did not employ the driver, who was an old employee of Associated, and exercised no direction or control over him or Associated. It contends that it did not carry property for hire and did not operate a motor vehicle as a contract motor carrier.

The motor carrier act, prior to its amendment in 1945 defined the term "contract motor carrier of property" as follows:

"(i) The term 'contract motor carrier of property,' when used in this act, shall mean any person engaged in the transportation by motor vehicle of property for hire upon the public highways of this state other than as a common carrier of property." PA 1933, No 254, art 1, § 1(i) (CLS 1940, § 11352–1, Stat Ann § 22.531).

The declared purpose and policy of the act is stated to be "to confer upon the commission the power and authority and make it its duty to supervise and regulate the transportation of persons or property by motor vehicle for hire upon and over the public highways of the state." CL 1948, § 475.2 (Stat Ann § 22.532).

The policy was further set forth as follows:

"The business of all motor carriers of passengers and property operating over the highways of this State for hire is hereby declared to be affected with a public interest." CL 1948, § 479.1 (Stat Ann § 22.-566).

When the act was amended in 1945, the definition of a contract motor carrier hereinbefore quoted was

amended by adding the following language to article 1, § 1(i), *supra,* in an attempt to include the owners of vehicles under certain circumstances:

"And including any person who leases, licenses, or otherwise permits the use of, any motor vehicle registered in his name to or by any person for the transportation of property upon the public highways of this State, of which property such latter person is the owner or lessee, when such transportation is for the purpose of sale, lease, rent or manufacture of such property or in furtherance of any commercial or industrial enterprise in connection with said property."

The title to the motor carrier act, as enacted in 1933, however, remained the same as before the amendment of 1945, and reads in part as follows:

"An act to promote safety upon and conserve the use of the public highways of the State; to provide for the supervision, regulation and control of the use of such highways by all motor vehicles operated by carriers of passengers and property for hire upon and over such highways."

Neither the title to the act nor the statutes setting forth the purpose and policy as hereinbefore quoted has been changed.

The amendment of 1945 thus attempted to reach the business not only of the carrier but also the owners of vehicles who were not carriers or transporters of property but who leased their vehicles to third parties over whom the lessors exercised no control whatsoever. This is an entirely different business and in no way is it covered by the title or purpose of the act. Article 5, § 21, of the Michigan Constitution of 1908 provides that no law shall embrace more than one object, which shall be expressed in its title. Only recently, in the case of *Rohan* v. *Detroit Racing Association,* 314 Mich 326 (166 ALR 1246), in view of this constitutional provision, it was held that its

object and purpose were to regulate and license horse racing meets; that it did not give notice of, or call attention to, or in any way express or indicate, the object or purpose of delegating authority to the department of agriculture to lease State-owned land for the purpose of conducting horse racing as provided in the act itself.

Both Hertz and the State place much stress on *Grand Rapids Motor Coach Company* v. *Public Service Commission*, 323 Mich 624, wherein we stated that the purpose of the motor carrier act is to promote safety and conserve the use of highways of the State and, therefore, to supervise, regulate and control the use of such highways by motor carriers of passengers or property *for hire* upon and over such highways. The case only referred to motor carriers of passengers and property *for hire*. Hertz neither transported passengers nor property for hire; it simply leased its trucks.

In view of our decision, it is unnecessary to discuss other questions raised by appellee.

The order dismissing the complaint and summons is affirmed, but without costs as a public question is involved.

Dethmers, C. J., and Adams, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.