MYRTLE DESK COMPANY v. I. L. CLAYTON, COMMISSIONER OF REVENUE
FOR THE STATE OF NORTH CAROLINA

No. 7018SC312

(Filed 24 June 1970)

**1. Taxation §§ 29, 30— income tax — domestic corporation doing business within and without state — payroll allocation formula — commissions**

In determining the percentage of net income allocable to this state for income taxation, a domestic corporation conducting business partly within and partly without the state was not entitled, in applying the payrolls allocation formula in G.S. 105-134(6)(a)(2), to include in the numerator and denominator of its payroll ratio the amounts that it had paid to certain sales representatives who were not employees of the corporation; there was no merit to the corporation's argument that the word "commissions" as used in the statute included amounts paid to nonemployees if the amounts paid were in fact commissions.

**2. Statutes § 5— construction of word of statute**

A word of a statute may not be interpreted out of context but must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent of the act will permit.

**3. Statutes § 5— statutory construction — reference to title and context**

Whenever the meaning of a statute is in doubt, reference may be had to the title and context.

**4. Statutes § 5— statutory construction — departmental interpretation**

The interpretation given to proposed legislation by the department proposing it is helpful to a court when it is called upon to interpret the legislation.

**5. Taxation § 23— construction of tax statute — administrative interpretation**

An administrative interpretation of a tax statute which has continued over a long period of time with the silent acquiescence of the Legislature should be given consideration in the construction of the statute.

**6. Statutes § 7— construction of amendments — presumptions**

In construing a statute with reference to an amendment it is presumed that the legislature intended either to change the substance of the original act or to clarify the meaning of it.

**7. Taxation §§ 23, 29— amendment to income tax statutes — purpose**

The purpose of the General Assembly in amending G.S. 105-134 was not to change the substance of the original act but was to clarify the original act so as to make it plain that the word "commissions," as used in the original act, meant "wages, salaries, commissions and any other form of renumeration paid to employees for personal services." Session Laws of 1967, Chapter 1110.

APPEAL by defendant from *Collier, J.,* at the 1 December 1969 Civil Session of GUILFORD Superior Court (High Point Division).

The facts are not in dispute and those thought to be essential to an understanding of the controversy are set out in the opinion. The case was heard by the court without a jury. The defendant, excepting to the court's conclusions of law and the entry of a judgment based thereon, appealed.

*Womble, Carlyle, Sandridge and Rice by Murray C. Greason, Jr., for plaintiff appellee.*

*Attorney General Robert Morgan by Assistant Attorney General I. Beverly Lake, Jr., for defendant appellant.*

VAUGHN, J.

[1] This case involves G.S. 105-134 as it existed during the tax years in question and as it related to the allocation of the net income of corporations to be taxed in this State. Prior to 1957 three methods of allocation were provided for foreign corporations. Those whose principal business in this State was manufacturing were required to allocate their entire net income to the State on the basis of a formula consisting of the ratios of property and manufacturing cost. Those whose principal business in the State consisted of selling were required to allocate their entire net income to the State upon the basis of a formula consisting of the ratios of property and sales. Those whose principal business in the State was other than manufacturing or selling were required to allocate their entire net income on the basis of their gross receipts ratio. Domestic corporations were taxed upon their entire net income except that those having an established business or investment in property in other states were permitted, in determining net income, to deduct income subjected to a net income tax by the other state which could not exceed the amount which could be allocated to such other state by the use of the applicable allocations formula for a foreign corporation.

The Revenue Act as subsequently amended, and as in effect during the time period involved in this case and with certain exceptions not material here, removed the distinction between foreign and domestic corporations for income tax purposes. The statute provided that a corporation conducting business partly within and partly without North Carolina should be taxed upon a base which reasonably represented the proportion of the business carried on within the State. The amendments also removed the separate formulas which had formerly applied to corporations primarily engaged in

manufacturing and corporations primarily engaged in selling. In determining the base which reasonably represents the proportion of the business carried on within the State, the statute provided that the allocation should be determined by applying to the net income the ratio or percentage arrived at by taking the arithmetic average of three ratios as follows: (1) The ratio of the value of property used in this State to the value of property elsewhere, (2) the ratio of payrolls in North Carolina to payrolls everywhere, and (3) the ratio of sales attributable to North Carolina to total sales everywhere.

The plaintiff is a North Carolina corporation and during the period in question was engaged in the business of manufacturing and selling office furniture in North Carolina and in selling its manufactured products outside North Carolina. The plaintiff brought this action against the Commissioner of Revenue under the provisions of G.S. 105-267 to recover a refund of income taxes and interest in the amount of $8,686.43, which sum plaintiff paid under protest pursuant to assessment of additional corporate income taxes made against plaintiff by the North Carolina Department of Revenue for the years 1962, 1963, 1964 and 1965. Since plaintiff conducted its business partly within and partly without North Carolina, it applied the income allocation formula provided in G.S. 105-134. In applying the income allocation formula, the plaintiff included in the numerator and denominator of its payrolls ratio amounts which it had paid to certain outside sales representatives who were not employees of the plaintiff. The plaintiff filed its income tax returns for these years upon such computation and for each of these years paid the tax produced thereby.

Upon the discovery of the use of such computation, the North Carolina Revenue Department adjusted the plaintiff's income tax returns by eliminating from the payrolls ratio of the plaintiff the amounts paid by it to the outside sales representatives, contending that G.S. 105-134(6)a.2 did not provide for the inclusion in the payrolls ratio of any compensation or payments made by a taxpayer to sales representatives or others who are not employees of the taxpayer. Based upon this adjustment the Revenue Department made an assessment of additional tax and interest against plaintiff. The plaintiff then made payment of the assessments under protest and in apt time made written demand upon the Commissioner for return. Such demand was denied and plaintiff instituted this action.

The trial judge concluded that the statute did not restrict the computation of the payrolls ratio portion of the allocation formula

to employee compensation. He held that payments made to outside sales representatives who were not employees could be included in the payrolls ratio computation of the taxpayer and entered a judgment for plaintiff in the amount stipulated to be correct under that interpretation of the statute. We reach the opposite conclusion.

The section of the General Statutes in question was, in pertinent part, as follows:

"§ 105-134. Corporations. Every corporation engaged in doing business in this State shall pay annually an income tax equivalent to six per cent of its net taxable income. The net taxable income of such corporation shall be determined as provided in this article.

". . . If the corporation is transacting or conducting its business partly within and partly without North Carolina, the tax shall be imposed upon a base which reasonably represents the proportion. of the trade or business carried on within the State. . . . The . . . net income of the corporation shall be made in accordance with the following provisions:

. . .

. . .

"(6)  . . .

a. Where the income is derived principally from the manufacture, production or sale of tangible personal property or from dealing in tangible personal property the corporation shall apportion its net apportionable income to North Carolina on the basis of the ratio obtained by taking the arithmetic average of the following three ratios:

1. Property. . . .

2. *Payrolls. The ratio of all salaries, wages, commissions and other personal service compensation paid* or incurred by the taxpayer in connection with the trade or business of the taxpayer in this State during the income year to the total salaries, wages, commissions and other personal service compensation paid or incurred by the taxpayer in connection with the entire trade or business of the taxpayer wherever conducted during the income year. For the purposes of this section, *all such compensation to employees* chiefly working at, sent out from or chiefly con-

nected with an office, agency or place of business of the taxpayer in this State shall be deemed to be in connection with the trade or business of the taxpayer in this State; all such compensation to general executive officers having company-wide authority shall be excluded from the numerator and the denominator of the ratio, and all such compensation in connection with income separately allocated under the provisions of this section shall be excluded from the numerator and denominator of the ratio. (emphasis ours)

3. Sales. . . ."

[1-3]     In determining the percentage of net income which shall be allocated to this State for the purpose of income taxation, the statute thus recognized three income producing factors — property, payrolls, and sales. Appellee contends, in effect, that "commissions," as the word is used in the section providing for the payrolls ratio, is not limited to commissions paid to those on the corporate payroll but includes sums paid non-employee persons, firms, and corporations, if the sums so paid are "commissions." Black's Law Dictionary, 4th Ed., defines "commissions" as follows:

"The compensation or reward paid to a factor, broker, agent, bailee, executor, trustee, receiver, etc., usually calculated as a percentage on the amount of his transactions or the amount received or expended."

A word of a statute may not be interpreted out of context but must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent of the act will permit. 7 Strong, N. C. Index 2d, Statutes, § 5, p. 72. The view that "commissions" applies only to commissions paid to employees is consistent with the word "payrolls" which the legislature used as the heading of the subsection and followed with the words ". . . salaries, wages . . ." It is also consistent with the words ". . . all such compensation to employees . . ." in the second sentence. The view that it applies to commissions paid to a nonemployee "factor, broker, agent, bailee, executor, trustee, receiver, etc." would appear to be inconsistent therewith. It is the duty of the court to find the legislative intent. In seeking the intent it is the duty of the court, where the language of a statute is susceptible of more than one interpretation, to adopt the construction and practical interpretation which best expresses the intent of the legislature. *Mullen v. Louisburg,* 225 N.C. 53, 33 S.E. 2d 484. When-

ever the meaning of a statute is in doubt, reference may be had to the title and context. *Finance Corp. v. Scheidt, Comr. of Motor Vehicles,* 249 N.C. 334, 106 S.E. 2d 555.

[4]  Our view of the legislative intent is bolstered by the legislative history of this section. Defendant's Exhibit #5 entitled "Report of the Tax Study Commission of the State of North Carolina," dated 10 November 1956, was received in evidence and identified as a report which was available to the General Assembly when G.S. 105-134(6)a.2 was enacted in 1957. On page 32 of the report is found the following:

> "IT IS RECOMMENDED that the payroll factor be defined to include all wages, salaries, and other compensations for personal services of *regularly employed employees* except that general executive officers' salaries be excluded from the ratio, with wages, salaries, etc. of employees attributed to the state of principal activity of the employee." (emphasis ours)

The appendix to this report contained proposed statutory provisions for allocation of income of interstate corprations. With the exception of four words not material here, G.S. 105-134(6)a.2 is identical to the proposed statutory provision dealing with "Payrolls" on page 107 of the report. The interpretation given to proposed legislation by the department proposing it is helpful to a court when it is called upon to interpret the legislation. *In Re Application for Reassignment,* 247 N.C. 413, 101 S.E. 2d 359.

[5]  Plaintiff introduced true copies of its income tax returns for the years 1962, 1963, 1964, and 1965. Each of these returns were prepared on Department of Revenue forms which contained instructions for the taxpayer in the allocation of income. Included in the instructions for each of these years is the following:

> "(2)  *Payrolls.* The ratio of all salaries wages, commissions and other compensation for *personal services rendered by employees,* [emphasis ours] paid or incurred by the corporation in connection with its business in North Carolina during the income year, to the total of such expenditures paid or incurred by the corporation in connection with its business conducted everywhere during the income years. All compensation paid to general executive officers *having company-wide authority* shall be excluded from both the numerator and denominator used in determining the ratio. All compensation paid in connection with income subject to direct allocation shall be excluded from both the numerator and denominator in determining the ratio."

The North Carolina Department of Revenue has, since its enact-
ment, interpreted and administered the statute on the premise that
amounts paid to non-employees could not be included in the pay-
roll ratio. "An administrative interpretation of a tax statute which
has continued over a long period of time with the silent acquiesence
of the Legislature should be given consideration in the construction
of the statute." *Yacht Co. v. High, Commissioner of Revenue,* 265
N.C. 653, 144 S.E. 2d 821.

**[6, 7]** "In construing a statute with reference to an amendment
it is presumed that the legislature intended either (a) to change the
substance of the original act, or (b) to clarify the meaning of it."
*Childers v. Parker's, Inc.,* 274 N.C. 256, 162 S.E. 2d 481. The am-
biguity in the statute which gave rise to the present litigation was
removed by Chapter 1110 of the Session Laws of 1967, enacted af-
ter the institution of this suit. This act extensively revised all of
Article 4 of the Revenue Act. The new section dealing with the pay-
roll factor was clarified so as to make it plain that "compensation"
to be included means "wages, salaries, commissions and any other
form of remuneration paid to employees for personal services." G.S.
105-130.4. The legislative purpose was, we believe, to clarify the
original act rather than as contended by appellee, to change its sub-
stance.

Reversed.

CAMPBELL and PARKER, JJ., concur.