CHARLIE STEVE SPRUILL, PLAINTIFF-APPELLANT v. LAKE PHELPS VOLUNTEER FIRE DEPARTMENT, INC. AND CRESWELL VOLUNTEER FIRE DEPARTMENT, INC., DEFENDANT-APPELLEES

No. COA98-237

(Filed 19 January 1999)

**1. Governmental Immunity— volunteer fire department— immunity at scene of fire**

The trial court erred by granting summary judgment for defendants in an action against a volunteer fire department arising from a motor vehicle accident on an icy road one-half mile from the site where defendants were fighting a fire. Although defendants asserted immunity under N.C.G.S. § 58-82-5(b) and N.C.G.S. § 20-114.1(b1), the latter applies to a cause of action against an individual member of a rural fire department, not to the rural fire department itself, and the first limits the liability of a rural fire department at the scene of a fire. The words "at the scene" provide immunity for acts and omissions only in a specific place and a broader reading would be inconsistent with the plain meaning of the words.

**2. Governmental Immunity— waiver—volunteer fire department—liability insurance**

Plaintiff's argument as to waiver of governmental immunity by the purchase of insurance by a volunteer fire department was inapplicable because Chapter 160A of the General Statutes applies to municipalities, which are governmental entities, but not to incorporated volunteer fire departments such as defendants.

Appeal by plaintiff from order entered 5 December 1997 by Judge William C. Griffin, Jr. in Washington County Superior Court. Heard in the Court of Appeals 8 October 1998.

SPRUILL v. LAKE PHELPS VOL. FIRE DEP'T, INC.

[132 N.C. App. 104 (1999)]

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for plaintiff-appellant.*

*Baker, Jenkins, Jones & Daly, P.A., by Kevin N. Lewis and Ronald G. Baker, for defendant-appellee Lake Phelps Volunteer Fire Department, Inc.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendant-appellee Creswell Volunteer Fire Department, Inc.*

McGEE, Judge.

Plaintiff's vehicle ran off Rural Paved Road 1149 in Washington County into a ditch bank on 10 March 1996. Plaintiff sustained disabling injuries and property damage to his vehicle. At the time of plaintiff's accident, defendants were fighting a fire one-half mile away at 478 Ambrose Road. Plaintiff filed suit against defendant volunteer fire departments alleging that they were negligent in failing "to exercise reasonable [care] under the existing circumstances while responding to said fire[.]" Plaintiff further alleged that his collision and resulting injuries and property damage were caused by defendants having spilled water on the road "from their vehicles, hoses or otherwise," which turned to ice and caused plaintiff's vehicle to run off the road. Defendant Creswell Volunteer Fire Department, Inc. acknowledged in its brief that the location of plaintiff's wreck was at the site where defendants were filling their tank trucks from a hydrant to fight the fire at 478 Ambrose Road. Defendant Lake Phelps Volunteer Fire Department, Inc. admitted in its answer to plaintiff's complaint that "some water may have gotten onto Rural Paved Road 1149."

Pursuant to the North Carolina Rules of Civil Procedure, Rule 12(b)(6), defendants filed motions to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. In support of their motions, defendants asserted immunity under N.C. Gen. Stat. §§ 58-82-5(b) and 20-114.1(b1), which limit liability of rural volunteer fire departments and firefighters. The trial court granted defendants' motions to dismiss in orders entered 18 July 1997 and 25 July 1997. The trial court entered an amended order "to clarify the record, and by consent of the parties," granting summary judgment to defendants on 5 December 1997. Plaintiff appeals from this order.

I.

[1] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.R. Civ. P. 56(c); *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62, 414 S.E.2d 339 (1992).

Plaintiff argues that neither N.C. Gen. Stat. § 58-82-5(b) nor N.C. Gen. Stat. § 20-114.1(b1) cited by defendants limits defendants' liability under the facts of this case. We agree.

N.C. Gen. Stat. § 20-114.1(b1) (1993) states that "[a]ny *member* of a rural volunteer fire department . . . shall not be liable in civil damages for any acts or omissions relating to the direction of traffic or enforcement of traffic laws or ordinances at the scene of or in connection with a fire . . ." (emphasis added). This statute applies to a cause of action against an individual member of a rural fire department, but not to the rural fire department itself.

In N.C. Gen. Stat. § 58-82-1 (1994), the General Assembly specifically authorized privately incorporated fire departments, like the defendants in this case, "to do all acts reasonably necessary to extinguish fires and protect life and property from fire." The General Assembly then limited the liability of a rural fire department as follows:

> (b) A rural fire department or a fireman who belongs to the department shall not be liable for damages to persons or property alleged to have been sustained and alleged to have occurred by reason of an act or omission, either of the rural fire department or of the fireman at the scene of a reported fire, when that act or omission relates to the suppression of the reported fire or to the direction of traffic or enforcement of traffic laws or ordinances at the scene of or in connection with a fire, accident, or other hazard by the department or the fireman unless it is established that the damage occurred because of gross negligence, wanton conduct or intentional wrongdoing of the rural fire department or the fireman.

N.C. Gen. Stat. § 58-82-5(b) (1994).

It is clear that, subject to several conditions, the General Assembly intended to immunize rural volunteer fire departments from acts or omissions "at the scene of a reported fire." *Id.* However, the General Assembly did not define what constitutes "the scene" of a reported fire.

SPRUILL v. LAKE PHELPS VOL. FIRE DEP'T, INC.

[132 N.C. App. 104 (1999)]

Plaintiff does not argue that defendants' alleged negligence did not relate to the *suppression* of the reported fire, but rather that the alleged negligence of defendants did not occur "at the *scene* of the reported fire." Plaintiff submitted an affidavit at summary judgment in support of this contention, which stated "[t]he distance between the scene of my wreck to the scene of the fire was one-half mile." Defendants neither filed an opposing affidavit, nor in any manner disputed the distance asserted by plaintiff. Indeed, defendants attempted to interpret this fact to their advantage, and defendant Creswell Volunteer Fire Department Inc. contended in its brief that the "accident in fact occurred at the scene of a reported fire, since it took place within a half mile of the burning dwelling and at the site where the fire departments were filling their tank trucks from a hydrant."

Plaintiff's and defendants' arguments present conflicting interpretations of the meaning of the phrase "at the scene of a reported fire" as it is used in N.C. Gen. Stat. § 58-82-5. To determine if defendants may assert immunity under N.C. Gen. Stat. § 58-82-5, it must be determined whether "the scene" of the fire extends to the location of defendants' alleged negligent act, one-half mile from the reported fire in this case. Defendants' admissions as to the distance between plaintiff's wreck and the fire leave no factual dispute as to the question of whether defendants' alleged negligence occurred "at the scene" of the fire. Thus, whether "the scene" of the fire extends to the location of defendants' alleged negligent act, although usually a mixed question of fact and law, is in this case solely a question of law.

Our Supreme Court has held that when "language of a statute is clear and unambiguous, the Supreme Court must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning." *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996) (citation omitted). Given the absence of a statutory definition as to exactly what area constitutes "the scene" of the fire, we decline to interpret the statute inconsistent with the statute's "plain and definite meaning." *Id.*

Plaintiff relies on *Geiger v. Guilford Coll. Comm. Volunteer Fireman's*, 668 F. Supp. 492 (M.D.N.C. 1987), in which the federal district court strictly construed N.C. Gen. Stat. § 69-39.1(b) (superseded by N.C. Gen. Stat. § 58-82-5). In *Geiger*, a volunteer fire department responded to a call involving two people who were overcome by fumes while working on a large gasoline tank. During the rescue by

the fire department, plaintiff was injured. There was no fire at the scene, nor was any fire reported. The court ruled that N.C. Gen. Stat. § 69-39.1 did not limit the fire department's liability because the alleged negligence did not occur "at the scene of a reported fire." *Geiger* at 494. The defendant argued that the court "should broadly construe the statute to limit the liability of fire departments for all duties fire departments ordinarily undertake." *Id.* In response the court stated:

> The court cannot adopt defendant's arguments. The wording of the statute clearly requires a "reported fire" and an act or omission relating to the "suppression" of the "reported fire" before the limitation of liability applies. The possibility of a fire occurring is insufficient. A court cannot ignore clear and precise statutory language. Judicial interpretation allows a court to resolve statutory ambiguities, not create them. If this court were to view N.C.G.S. § 69-39.1(b) as encompassing the facts of this case, the court would be closer to engaging in judicial legislation than judicial interpretation.

*Id.*

The court in *Geiger* stated that "a reported fire" is required to apply the immunity statute, and that "the possibility of a fire occurring" was "insufficient" for defendants to claim immunity. *Geiger* at 494. Similarly, N.C. Gen. Stat. § 58-82-5 requires that the alleged negligent act occur "at the scene" of a reported fire before a rural volunteer fire department can assert immunity.

The fact that plaintiff's wreck occurred where defendants had filled their fire trucks with water from a fire hydrant, one-half mile away from the reported fire, is insufficient for defendants to claim immunity. The words "at the scene" provide immunity for defendants for acts and omissions only in a specific place. A broader reading of the statute would be inconsistent with the plain meaning of the words. *See State ex rel. McDonald v. Whatcom Cty. Etc.*, 575 P.2d 1094 (Wash. Ct. App. 1978) *aff'd*, 593 P.2d 546 (Wash. 1979) (holding that "[t]he words 'at the scene' . . . imply a specific place . . . and limit rather than expand the officer's power to arrest," and "[t]he 'scene' is the place where the accident occurred").

## II.

[2] Plaintiff further argues that defendants "are protected by governmental immunity, which is waived to the extent of the stipulated lia-

bility insurance coverage." Plaintiff's argument simply does not apply in this case.

Plaintiff again relies on *Geiger*, in which the federal court stated that North Carolina follows common law rules of sovereign immunity. The court further stated that Guilford County, which had employed defendant to furnish fire protection to the Guilford College Fire Protection District, was "a municipal corporation and the North Carolina courts have recognized that the 'operation of a fire department is a function which a municipality undertakes in its governmental capacity.' " *Geiger* at 495 (citations omitted). Thus, the court found that the volunteer fire department had waived governmental immunity to the extent of its liability insurance coverage. *Id.* The defendant volunteer fire department in *Geiger* contracted with a governmental entity, Guilford County, to provide fire protection. *Geiger* at 494. In the present case, however, it was neither alleged, nor was evidence presented, that defendants had contracted with any governmental entity to provide fire protection. Further, no governmental entity is a party to this action and the plaintiff has neither alleged nor argued that the defendants are governmental entities, only that they are North Carolina corporations.

Waiver of immunity by purchase of liability insurance applies to governmental or sovereign immunity and is governed by N.C. Gen. Stat. § 160A-485 (1994). *See Gregory v. City of Kings Mountain*, 117 N.C. App. 99, 450 S.E.2d 349 (1994); *Taylor v. Ashburn*, 112 N.C. App. 604, 436 S.E.2d 276 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). Chapter 160A of the General Statutes applies to municipalities, which are governmental entities, but not to incorporated volunteer fire departments such as defendants. Any immunity of defendants is derived from a specific grant of immunity by the General Assembly set forth in N.C. Gen. Stat. § 58-82-5. Plaintiff's argument as to waiver of governmental immunity by the purchase of insurance is inapplicable in this case.

The trial court's order of summary judgment in favor of defendants is reversed for the reasons stated in our analysis of plaintiff's first argument and this matter is remanded to the trial court for trial on the remaining issues.

Reversed and remanded.

Judges JOHN and MARTIN, Mark D., concur.

**N.C. STATE BAR v. BARRETT**

[132 N.C. App. 110 (1999)]

Judge Martin concurred in the result of this opinion prior to 4 January 1999.