CHARLIE STEVE SPRUILL v. LAKE PHELPS VOLUNTEER FIRE DEPARTMENT, INC. AND CRESWELL VOLUNTEER FIRE DEPARTMENT, INC.

No. 87PA99

(Filed 4 February 2000)

**Immunity— rural fire department—negligence—statutory immunity**

The statute affording limited liability to firemen, N.C.G.S. § 58-82-5(b), exempts a rural fire department from liability for ordinary negligence when the fire department performs acts which relate to the suppression of a reported fire, even though such acts do not occur at the scene of the fire. Therefore, two volunteer rural fire departments were immune from liability under the statute for alleged negligence in failing to warn plaintiff motorist of a traffic hazard created when water spilled on the roadway by the fire departments while filling the tanks of their fire trucks at a hydrant one-half mile from the fire to which they were responding froze on the roadway, and this ice caused the vehicle driven by plaintiff to skid off the roadway into a ditch bank.

Justice MARTIN did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 132 N.C. App. 104, 510 S.E.2d 405 (1999), reversing an amended order of summary judgment entered 10 December 1997 by Griffin, J., in Superior Court,

SPRUILL v. LAKE PHELPS VOL. FIRE DEP'T, INC.

[351 N.C. 318 (2000)]

Washington County, and remanding for trial on the remaining issues. Heard in the Supreme Court 15 September 1999.

*Hardee & Hardee, by G. Wayne Hardee and Charles R. Hardee, for plaintiff-appellee.*

*Baker, Jenkins, Jones & Daly, P.A., by Kevin N. Lewis and Ronald G. Baker, for defendant-appellant Lake Phelps Volunteer Fire Department, Inc.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendant-appellant Creswell Volunteer Fire Department, Inc.*

LAKE, Justice.

The question presented for review is whether the statute affording limited liability to firemen, N.C.G.S. § 58-82-5, exempts a rural fire department from liability for ordinary negligence when a fire department performs acts which relate to the suppression of a reported fire, even though such acts do not occur at the scene of the fire. We conclude that it does. Accordingly, we reverse the decision of the Court of Appeals.

Plaintiff made the following basic allegations in the complaint initiating this action. Defendants are Lake Phelps Volunteer Fire Department, Inc. (Lake Phelps) and Creswell Volunteer Fire Department, Inc. (Creswell). On 10 March 1996, defendants responded to a fire in the vicinity of rural paved road 1149 in Washington County. While responding to this fire, defendants filled the tanks of their fire trucks from a hydrant approximately one-half mile from the fire, and in so doing, defendants spilled water on rural paved road 1149 from their vehicles or hoses. This spilled water then froze on the pavement of this road. At approximately 3:00 a.m. on 10 March 1996, plaintiff was operating a 1995 Chevrolet Corvette in this vicinity on rural paved road 1149. Plaintiff's car hit this ice, skidded and ran off the roadway, and collided with a ditch bank on the side of the road. Plaintiff sustained personal injuries and property damage as a result of this accident.

On 19 February 1997, plaintiff instituted this action against defendants Lake Phelps and Creswell to recover damages for his resulting personal injuries and property damage. On or about 25 March 1997, defendant Creswell filed a Rule 12(b)(6) motion to dismiss, asserting immunity. On 1 April 1997, defendant Lake Phelps filed its answer in which it denied all pertinent allegations. On 8 April

1997, defendant Lake Phelps filed an amendment to its answer in which it added the defenses of immunity and failure to state a claim upon which relief can be granted. On 8 April 1997, defendant Lake Phelps also filed a Rule 12(b)(6) motion to dismiss. On or about 16 April 1997, defendant Creswell filed an amended motion to dismiss. On 16 April 1997, plaintiff filed a motion for leave to amend his complaint.

Plaintiff's motion to amend and defendants' motions to dismiss were heard on 10 July 1997 in Superior Court, Washington County. The trial court allowed plaintiff's motion to amend his complaint, and the amendment was filed 11 July 1997. On 23 July 1997, the trial court entered an order dismissing plaintiff's action against defendant Lake Phelps, and on 4 August 1997, the trial court entered an order dismissing plaintiff's action against defendant Creswell. The trial court then entered an amended order on 10 December 1997 which superseded its two prior orders of dismissal and granted summary judgment in favor of both defendants. Plaintiff appealed to the Court of Appeals.

The Court of Appeals reversed the trial court's order granting summary judgment. *Spruill v. Lake Phelps Vol. Fire Dep't, Inc.*, 132 N.C. App. 104, 510 S.E.2d 405 (1999). Defendant Lake Phelps and defendant Creswell each petitioned this Court for discretionary review. On 8 April 1999, this Court entered orders allowing discretionary review as to both defendants. Defendants contend that the Court of Appeals erred in reversing the trial court's order of summary judgment for defendants which was entered on the ground that N.C.G.S. § 58-82-5(b) provides immunity to rural fire departments. We agree.

The issue presented is thus one of statutory construction. When confronting an issue involving statutory interpretation, this Court's "primary task is to determine legislative intent while giving the language of the statute its natural and ordinary meaning unless the context requires otherwise." *Turlington v. McLeod*, 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988). The limited liability section of the Authority and Liability of Firemen Act provides:

> A rural fire department or a fireman who belongs to the department shall not be liable for damages to persons or property alleged to have been sustained and alleged to have occurred by reason of an act or omission, either of the rural fire department or of the fireman at the scene of a reported fire, when that act or

omission relates to the suppression of the reported fire or to the direction of traffic or enforcement of traffic laws or ordinances at the scene of or in connection with a fire, accident, or other hazard by the department or the fireman unless it is established that the damage occurred because of gross negligence, wanton conduct or intentional wrongdoing of the rural fire department or the fireman.

N.C.G.S. § 58-82-5(b) (1999). It is apparent that in enacting this statute, the overall purpose of the General Assembly was to protect rural volunteer fire departments from liability for ordinary negligence when responding to a fire.

In the decision below, the Court of Appeals observed with respect to the wording of this section that the General Assembly failed to define "what constitutes 'the scene' of a reported fire." *Spruill*, 132 N.C. App. at 106, 510 S.E.2d at 407. The Court of Appeals then reasoned that "[t]he words 'at the scene' provide immunity for defendants for acts and omissions only in a specific place" (i.e., at the precise location of the fire), and that a "broader reading of the statute would be inconsistent with the plain meaning of the words." *Id.* at 108, 510 S.E.2d at 408. Accordingly, the Court of Appeals concluded that "[t]he fact that plaintiff's wreck occurred where defendants had filled their fire trucks with water from a fire hydrant, one-half mile away from the reported fire, is insufficient for defendants to claim immunity." *Id.* Under the Court of Appeals' interpretation, the words "at the scene of a reported fire" apply not just to individual firemen but to fire departments as well. The Court of Appeals thus determined that defendant fire departments were not immune from liability in this case by virtue of this statute. For the reasons stated below, we disagree with this interpretation.

Although the Court of Appeals focused on the phrase within this statutory section which specifies "the scene" of the fire, it is clear that the underlying premise of N.C.G.S. § 58-82-5(b) is that "[a] rural fire department . . . shall not be liable . . . by reason of an act or omission . . . when that act or omission relates to the suppression of the reported fire . . . ." This is the overall thrust of this statute, as it relates to rural fire departments, and this should be the focus. In this case, plaintiff sued only the fire departments.

Considering this statute as a whole, it establishes immunity for the ordinary negligence of *either* a rural fire department *or* a fireman of the department "at the scene." In order for immunity to attach to

either of these entities, the act or omission must be related to "suppression of the reported fire or to the direction of traffic." The alternative conduct involving direction of traffic may occur *either* "at the scene" of *or* "in connection with" a fire. When viewed in this context, it clearly appears that immunity would attach to a rural fire department if its acts or omissions complained of were *either* (1) related to the suppression of a reported fire, or (2) related to direction of traffic in connection with a fire. This Court must always " 'accord words undefined in [a] statute their plain and definite meaning' " when the statutory language at issue is " 'clear and unambiguous.' " *Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996) (quoting *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995)). In the case *sub judice*, plaintiff alleges in his complaint that the acts or omissions occurred while defendants were responding to a fire *and* arose from defendants' alleged failure to warn plaintiff of a traffic hazard. It would thus appear that both alternatives for immunity as set forth in N.C.G.S. § 58-82-5(b) are met and apply in this case.

Further, we do not find persuasive the contention that the fire departments' acts or omissions must take place at "the scene" simply by virtue of the phrase "either of the rural fire department or of the fireman at the scene of a reported fire." Considering the language and grammar of this statutory phrase, the word "or" separates the terms "rural fire department" and "fireman at the scene of a reported fire." The phrase "at the scene of a reported fire" modifies the word "fireman," thus providing the single descriptive phrase, "fireman at the scene of a reported fire." If the General Assembly in enacting this statute had intended for rural fire departments to be protected from liability only for negligent acts occurring *at the scene* of a reported fire, it logically and more appropriately would have applied this modifying phrase directly to the fire department just as it did to the firemen actually working "at the scene." Because "or" separates the terms "rural fire department" from the phrase "fireman at the scene of a reported fire," it follows in the normal grammatical sense that only individual firemen have the limited immunity which is restricted to negligent acts or omissions occurring "at the scene" of a fire.

In further reflection of its intent, the legislature amended the original immunity statute in 1987 in order to expand the immunities allowed for rural fire departments and their members. Pursuant to this amendment, the General Assembly inserted the following underlined language into the statute's text:

A rural fire department or a fireman who belongs to the department shall not be liable . . . . by reason of an act or omission . . . . when that act or omission relates to the suppression of the reported fire <u>or to the direction of traffic or enforcement of traffic laws or ordinances at the scene of or in connection with a fire, accident, or other hazard by the department or the fireman</u> unless it is established that the damage occurred because of gross negligence, wanton conduct or intentional wrongdoing of the rural fire department or the fireman.

N.C.G.S. § 58-82-5(b); *see also* Act of May 7, 1987, ch. 146, sec. 2, 1987 N.C. Sess. Laws 147, 147. This underlined language, as we have noted above, provides immunity for negligent acts or omissions that relate to the suppression of a fire or to the direction of traffic either "at the scene of or in connection with a fire." N.C.G.S. § 58-82-5(b). The addition of the phrase "at the scene of or in connection with a fire" suggests that the General Assembly intended to provide statutory immunity for the ordinary negligence of a rural fire department's acts or omissions which relate to the suppression of a fire, and not merely for those acts occurring at the scene of the fire.

The 1987 statutory amendment also creates another set of circumstances in which immunity would apply; thus, the General Assembly expanded the scope of the statute. "In construing a statute with reference to an amendment, it is presumed that the Legislature intended either (1) to change the substance of the original act or (2) to clarify the meaning of it." *Colonial Pipeline Co. v. Neill*, 296 N.C. 503, 509, 251 S.E.2d 457, 461 (1979). Here, the amendment adds an "or" and then describes the additional situations in which a rural fire department would receive immunity. " 'Where a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive (e.g. "or"), the application of the statute is not limited to cases falling within both clauses, but will apply to cases falling within either of them.' " *Davis v. N.C. Granite Corp.*, 259 N.C. 672, 675, 131 S.E.2d 335, 337 (1963) (quoting 4 Strong's North Carolina Index *Statutes* § 5 (1st ed. 1961)). Additionally, the Act which amended N.C.G.S. § 58-82-5(b) in 1987 was merely part of "An Act to Expand the Traffic Control Authority of Firemen and Rescue Squad Members in Emergency Situations." This Court has previously ruled that the title of a statute may be used as an aid in determining legislative intent. *Equipment Fin. Corp. v. Scheidt*, 249 N.C. 334, 340, 106 S.E.2d 555, 560 (1959). Accordingly, we conclude that the General Assembly intended to expand the scope of the statute, including the

immunity options within it, when it passed the 1987 amendment. However, the Court of Appeals' interpretation of N.C.G.S. § 58-82-5(b) contravenes this indicated intent because it limits, rather than expands, the scope of the statute. The Court of Appeals' construction results in a much narrower interpretation of the statute which would restrict immunity and thus frustrate the indicated intent to expand the statute's scope.

Finally, in the decision below, the Court of Appeals relied on *Geiger v. Guilford College Community Vol. Firemen's Ass'n*, 668 F. Supp. 492 (M.D.N.C. 1987), in concluding that defendants are not protected from liability under N.C.G.S. § 58-82-5(b). The Court of Appeals' reliance on *Geiger* is misplaced because the facts in *Geiger* involve the rescue of two men trapped in a gasoline tanker. *See id.* at 493. The court in *Geiger* concluded that the fire department was not responding to a fire, and thus no immunity applied under the statute. *Id.* at 494. However, defendant fire departments in the case *sub judice* were performing acts that were "in connection with a reported fire" as required under N.C.G.S. § 58-82-5(b).

Based on the foregoing, we conclude that in order for immunity to apply to a rural fire department, the statute requires merely that the fire department's negligent act or omission must relate to the "suppression of the reported fire." N.C.G.S. § 58-82-5(b). Therefore, so long as the fire department's actions are related to the suppression of a fire, it is irrelevant whether the fire department's negligent act or omission occurs precisely "at the scene" of the fire. Because defendants' alleged negligence occurred while defendant fire departments were filling their tanks with water in response to a fire, defendants' alleged negligence constituted an "act or omission [that] relat[ed] to the suppression of [a] reported fire." *Id.* Since the legislature intended to provide immunity to rural fire departments for ordinary negligence when responding to a fire, we conclude that the trial court correctly granted summary judgment in favor of both defendants. Therefore, the decision of the Court of Appeals is reversed.

REVERSED.

Justice MARTIN did not participate in the consideration or decision of this case.