STATE OF NORTH CAROLINA v. TIMOTHY ANDREW EVANS

No. 7518SC47

(Filed 16 April 1975)

1. **Robbery § 4— robbery with firearm — testimony as to gun — sufficiency of evidence**

   Where the victim of a robbery and defendant's companion in the robbery repeatedly referred to the gun used in the robbery, and there was no evidence that it was not a gun or that it was incapable of discharging a missile, evidence was sufficient to carry the case to the jury on the charge of robbery with a firearm.

2. **Robbery § 5— robbery with firearm — failure to submit lesser included offenses — no error**

   The trial court in a prosecution for robbery by use of a firearm did not err in failing to submit lesser included offenses to the jury.

**3. Criminal Law § 79— statements by defendant's companion — testimony of officer admissible**

In a prosecution for robbery with a firearm where the evidence tended to show that defendant remained in the getaway vehicle while his companion held up a convenience store employee, the trial court did not err in allowing a police officer to testify for corroborative purposes concerning statements made to him by defendant's companion.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 9 October 1974 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 19 March 1975.

Defendant was tried on a bill of indictment charging him with robbery by use of a firearm. He entered a plea of not guilty. The State introduced evidence tending to show that on 7 August 1974 Kathleen Baird was working at a Seven-Eleven store on South Elm Street in Greensboro. Shortly before closing, a young man came into the store and ordered cigarettes. He then reached under his shirt and pulled out a gun. As he pulled out the gun, it broke open, requiring him to replace the bullets and close the gun back together. Arthur Lee Braswell testified that he and defendant rode around in a car and talked about robbing a gas station. Later that evening, they arrived at the Seven-Eleven store on South Elm Street. Since the car belonged to defendant, it was agreed that defendant would drive. Defendant remained with the car and watched while Braswell went into the store with a gun and held up the employee. Braswell took the money and turned to leave when two police officers, who were stationed in a back room of the store, confronted Braswell and placed him under arrest. One of the officers observed a car drive away but was unable to see its occupant.

Defendant offered no evidence. He was found guilty as charged, and from judgment imposed on the verdict defendant appealed.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Taylor & Upperman, by Herman L. Taylor and Leroy W. Upperman, Jr., for defendant appellant.*

MARTIN, Judge.

[1] At the close of the State's evidence the trial court denied defendant's motion for nonsuit. The jury was instructed that they could find defendant guilty of armed robbery or not guilty.

State v. Evans

Defendant contends the trial court erred in denying his motion for judgment as of nonsuit to the charge of robbery with a firearm because the State failed to prove that the object allegedly used in the crime was a firearm. For the same reason, it is argued that the court should have instructed the jury on common law robbery and further that the court should have defined what constitutes a firearm.

State's witness, Kathleen Baird, identified State's Exhibit Number One as the "gun" used in the robbery. Arthur Lee Braswell also referred to the object used in the holdup as a "gun". Both of these witnesses repeatedly called it a "gun" without objection. There was no evidence that it was not a gun or that it was incapable of discharging a missile. Under these circumstances the evidence was sufficient to carry the case to the jury on the charge of robbery with firearm. See *State v. Barnes,* 253 N.C. 711, 117 S.E. 2d 849 (1961).

[2]   An indictment for robbery with firearms will support a conviction of a lesser offense such as common law robbery, assault with a deadly weapon, larceny from the person, simple larceny or simple assault, if a verdict for the included or lesser offense is supported by the evidence on the trial. *State v. Davis,* 242 N.C. 476, 87 S.E. 2d 906 (1955).

> "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954).

Unlike *State v. Faulkner,* 5 N.C. App. 113, 168 S.E. 2d 9 (1969), the present case contains no evidence tending to show the commission of common law robbery. It follows that the court did not err in failing to instruct the jury on common law robbery. Nor do we think the court's failure to define what constitutes a firearm was error.

[3]   For corroborative purposes, K. W. Brady of the Greensboro police was allowed to testify over objection concerning statements made to him by Arthur Braswell about the robbery. Defendant contends that this testimony was inadmissible where Braswell never testified that he made any statements to Brady. We disagree. In the first place, it does not appear necessary that Braswell testify as to having made statements to Brady.

*State v. McLawhorn,* 270 N.C. 622, 155 S.E. 2d 198 (1967). Secondly, Braswell had testified previously that he talked to officers on several occasions about the robbery. This assignment of error is overruled.

No error.

Judges BRITT and HEDRICK concur.