STATE OF NORTH CAROLINA v. BOBBY J. SMITH

No. 7512SC322

(Filed 2 July 1975)

1. **Criminal Law § 88; Robbery § 3— restriction of cross-examination — possibility of blank pistol**

   The trial court in an armed robbery case did not unduly limit cross-examination of the victim in sustaining the State's objection to a question as to whether the weapon used in the robbery could have been a blank pistol where the victim had testified that a .25 caliber pistol was used, he stated for the record that he "knew it was a pistol," and he testified on cross-examination that he did not hear the pistol fired, did not look down the barrel, did not know that it was loaded, and did not know whether the gun was capable of being fired.

2. **Robbery § 4— use of actual firearm — sufficiency of evidence**

   There was sufficient evidence of the use of an actual firearm for an armed robbery case to be submitted to the jury where the victim testified that a .25 caliber pistol was used in the robbery.

APPEAL by defendant from *Walker, Judge.* Judgment entered 13 February 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals on 17 June 1975.

Defendant was charged with the armed robbery, by the use of a pistol, of Allen Brown Strippoli on 1 September 1974. He pled not guilty, the jury returned a verdict of guilty as charged, and from judgment imposing prison sentence of not less than six nor more than ten years with credit for 164 days confinement awaiting trial, he appealed.

---

State v. Smith

---

*Attorney General Edmisten, by Assistant Attorney General Charles J. Murray, for the State.*

*Assistant Public Defender H. Gerald Beaver for the defendant appellant.*

BRITT, Judge.

[1]  In his first assignment of error, defendant contends that the trial court erred in sustaining objections to defense attorney's questions concerning the nature of the weapon alleged to have been used in the perpetration of the alleged robbery. The prosecuting witness, Strippoli, testified on direct examination that two men robbed him (one of which was defendant) ; that the second man "put a .25 caliber pistol on my head" and told me to go into an alley. There was no objection to this evidence. Strippoli further testified that after proceeding into the alley, the second man struck him on the head with the pistol and defendant "smacked" him in the face with his fist. On cross-examination the following occurred:

STRIPPOLI: . . . I didn't hear anyone fire the pistol that night.

Q. Could have been a blank pistol, couldn't it?

(This question was objected to by the State and sustained.)

The answer appears in the record, "I knew it was a pistol."

Later, the same question was asked again. There was an objection and it was sustained. Defense counsel asked that the answer be read into the record, but the trial judge stated that it had already been read into the record and to move on.

Defendant argues that his counsel was unduly restricted in the cross-examination of the prosecuting witness. We reject this argument. It is well settled that the scope of the cross-examination must rest largely in the discretion of the trial judge who may properly exclude questions or testimony which are merely repetitious. 2 Strong, N. C. Index 2d, Criminal Law, § 88, at 609-10. In the case at bar, the prosecuting witness had testified that a .25 caliber pistol had been used and on cross-examination stated for the record that "I knew it was a pistol." Furthermore, he stated on cross-examination that he did not hear the pistol fired, did not look down the barrel, did not know that it was loaded, and did not know whether the gun was capable of

being fired. All this was before the jury. We hold that the court did not unduly limit the cross-examination and the assignment is overruled.

[2]   Defendant contends in his third assignment of error that the court erred in denying his motion for nonsuit "down to the charge of common law robbery." The basis of the assignment is that since there was no conclusive evidence of the use of an actual firearm, then the court should have nonsuited the armed robbery charge. We find no merit in the contention. As stated above, the prosecuting witness stated without objection that a .25 caliber pistol was used. Viewing the evidence in the light most favorable to the State, the question as to whether there was an armed robbery was one for the jury to answer. *State v. Evans,* 25 N.C. App. 459, 213 S.E. 2d 389 (1975).

Next, defendant contends that the court should have instructed on common law robbery. As stated above, the evidence tended to show armed robbery, not common law robbery, therefore, the trial judge was not required to instruct on the lesser offense. It will be noted that the sentence imposed is well within the limits for common law robbery.

As to the remaining assignments of error, suffice it to say that we have carefully reviewed the records and briefs with respect to them and find them to be without merit.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.