STATE OF NORTH CAROLINA v. CECIL DAVID DARK

No. 7510SC314

(Filed 16 July 1975)

**Robbery § 4— armed robbery — use of dangerous weapon — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where the evidence tended to show that the

State v. Dark

night manager of a motel sensed an object against his head which felt like a pistol barrel and he heard it click, a toy pistol was found in defendant's room, and money and a .38 caliber pistol were taken in the robbery.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 6 March 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 17 June 1975.

Defendant was charged in a bill of indictment with armed robbery. He entered a plea of not guilty.

State's evidence tends to show that George E. Fortune, the night manager of the Ramada Inn in Apex, North Carolina, was working during the early morning of 10 November 1974 and had locked the front door. Someone knocked on the door, stating that he wanted a room. As Fortune proceeded to unlock the door, he was grabbed from behind and his arms were pinned to his sides. Then, according to Fortune, "what felt like a weapon was put to my head. I heard it click. I was told not to move and to do as they said. I felt cold steel. It felt like a pistol barrel." Fortune's hands were tied, and he was told to lie on the floor. Over $400.00 was taken along with a .38 caliber pistol which was beneath the counter. Fortune identified defendant, Cecil Dark, as one of the men who robbed him and stated that he had no doubts about it. Also, a toy pistol, found in defendant's room, was introduced in evidence.

Defendant offered evidence which tends to show that on the evening of 9 November 1974 he was at home with his mother. He and his mother along with three other people played cards that evening. After the card game, defendant went to bed and did not leave the house at any time that night. Defendant denied any participation in the robbery.

In rebuttal, the State offered evidence which tends to show that defendant's mother had made an earlier statement to the police to the effect that defendant was in Harnett County with his girl friend on the weekend in question.

The jury found defendant guilty of robbery with a dangerous weapon. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge, for the State.*

*Jordan, Morris and Hoke, by Joseph E. Wall, for defendant appellant.*

MARTIN, Judge.

Defendant assigns as error the denial of his motions to dismiss and to set aside the verdict as contrary to the weight of the evidence. He strenuously argues that there was no evidence that the object placed against the night manager's head was a dangerous weapon and that, consequently, it was error to submit the question of armed robbery to the jury. He relies on *State v. Keller*, 214 N.C. 447, 199 S.E. 620 (1938).

In *Keller* the victim testified that he did not see a pistol and the evidence only tended to show that defendants sought to make the victim believe they had a pistol by placing a finger to the victim's head. The Court held that the presence of a firearm was a constituent element of the crime of robbery with a firearm and ordered a new trial for failure of the trial court to so instruct the jury. Furthermore, it was pointed out that the trial court failed to charge on the offense of common law robbery.

*Keller* is clearly distinguishable. In the present case the night manager testified that he sensed an object against his head which felt like a pistol barrel and that he heard it "click." The trial judge charged the jury on both armed robbery and common law robbery, and specifically instructed that a "toy pistol would not be a dangerous weapon as a matter of law." Also, the jury was instructed that in order to find defendant guilty of robbery with a firearm or other dangerous weapon, the State must prove that defendant had in his possession a dangerous weapon and that defendant obtained the property by endangering or threatening the life of the night manager with a dangerous weapon.

It is true, as defendant points out with emphasis, that the State's witness never testified that he saw the object used in the alleged robbery. Nevertheless, eyesight is not the only sensory mechanism by which one can experience an object. Viewing the evidence in the light most favorable to the State, the question as to whether there was an armed robbery was one for the jury to answer. *State v. Smith*, 26 N.C. App. 511, 216 S.E. 2d 403 (1975) ; *State v. Evans*, 25 N.C. App. 459, 213 S.E. 2d 389 (1975).

Defendant's remaining assignment of error is overruled.

No error.

Judges BRITT and HEDRICK concur.